UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| SUZANNE BROWN, | ) | |
| Petitioner | ) | |
| | ) | Case No. 1:16-CR-00021-JL |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent | ) | |
| | ) | |

**MEMORANDUM OF LAW
IN SUPPORT OF**

**MOTION FOR SUMMARY JUDGMENT
PETITION FOR WRIT OF ERROR CORAM NOBIS
AND MOTION FOR INTERIM STAY OF SENTENCE
ON GROUNDS OF ACTUAL INNOCENCE
(NEW EVIDENCE AND CHANGE IN LAW)**

I.  **Background:**

The Court possesses detailed knowledge of this nearly nine-year matter, as recently evidenced by its November 7, 2024, chronological summary-recitation of case travel for the benefit of newly-appointed defense counsel.

6

This petition will focus on the recent change in Constitutional law that clarifies and reinforces existing law; indisputably new evidence of government misconduct (discrimination for prior civil rights activity, as *admitted/conceded* by USDA, the purported victim); renewed and expanded claim of trial counsel ineffective assistance; and the cumulative exculpatory effect of all previous law and evidence; especially the forensic government accounting expert witness report and testimony that was not available at the time of trial.

Now that *all* the evidence in this case is available and can be taken as a synergistic whole, this Court will see in a new light that Petitioner has met and surmounted the 28 USC § 1651 rigorous conditions for review. And the previous habeas corpus standard (when Petitioner was in custody from March 8, 2016 until November 22, 2024) that the sentence was, in fact, imposed in violation of the Constitution. This addition of newly strengthened law and bona fide new evidence at trial would have resulted in a different outcome--acquittal on all 12 counts of the indictment by a dubious and reluctant jury at the time of deliberations.

The Court's civility and deference to Petitioner/Defendant, especially relative to similarly-situated others involved in the justice system, does not go without notice or appreciation. Throughout these proceedings it has appeared to Petitioner that in the eyes of the Court that there has always been something not quite right about this case; something out of character the Court could not quite identify or put its finger on.

7

Indeed, with the exception of having been misdirected (intentionally or unintentionally) in writing by the grant administrator to check the "wrong box" regarding *the grant's mandated accounting method*, Petitioner completed the grant reimbursement request forms *precisely* as every other federal grant recipient administrator does every single day across this country. None of the information on any materials (that were submitted in conformance with the mandated procedures) ever specified *who* had actually been paid or *when*, as explained by the forensic accounting expert who was unfortunately introduced to these proceedings four years after the guilty verdict and sentencing were rendered.

Contractors who asked for no-cost assistance from the New Hampshire Institute of Agriculture and Forestry (NHIAF) for their own local projects and personal services (e.g. employment confirmation letter for mortgage refinance dated after falsely claiming earlier resignation) and who *in writing* placed complete administrative autonomy (including compensation/invoicing) in Petitioner's hands, had absolutely no right to fabricate false state and federal allegations in order to try to strongarm payments they had agreed to defer so that the non-profit could remain viable to provide no-cost assistance to farmers after a devastating weather event (incidentally, after which USDA refused to provide recovery aid). Executive directors who decline cashing their own paychecks for the benefit of their non-profit have zero motive to make false statements or misappropriate funds.

Unbiased USDA officials and investigators would have completely disregarded the contractors' blatantly false claims of fraud ("phony invoices"), especially had they read the

8

blistering contractor-witness impeachment contained in the transcript of the prior state proceedings/acquittal. A fair and balanced (mandated by USDA policy, but disregarded) Office of Inspector General (OIG) investigation would have uncovered the contractors' transparent, illegal agenda and advised them that they were committing crimes themselves with their false statements to USDA employees. Not to mention blackmailing and framing an innocent person, crimes that should have resulted in harsh penalties for *them*.

The USDA OIG investigator conducted no inquiry regarding Petitioner's personal history or military service (honorable discharge) or dedicated work, much of it uncompensated; or the regulations that governed the grant accounting and reporting, as reflected in both her grand and petit jury testimonies. USDA officials simply had a discriminatory agenda and determination to prosecute Petitioner criminally and civilly, which has fatally infected every aspect of this case and thus far misled every court that has adjudicated it.

One of the former defense attorneys in this case, well familiar with the United States Naval Academy's Honor Code (because he is a service academy graduate and former military officer himself), said it best, "Skip (Petitioner's nickname), if you were a liar, you would never even have made it through the Academy." Petitioner was raised with integrity by a Marine Corps veteran and has adhered for more than four decades to the Naval Academy Honor Code since swearing allegiance at age 17 to the United States Constitution.

9

Thus, the new information contained herein answers why Petitioner was indicted/prosecuted, why *four* USDA employees and two private contractors "dog-piled" on false testimony, and helps explain why this Court demonstrated serious misgivings and delayed as long as possible the 12-month wrongful incarceration and ensuing two-year probation and outstanding restitution.

II.   Change in Constitutional Law: "Loper Bright" Overturns "Chevron"

*Loper Bright Enterprises, et al. v. Raimondo, Secretary of Commerce, et al.,* No. 22-451, 2024 U.S.

*Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837 (1984)

Petitioner understands it is a rare occurrence for the highest court in the land to render a decision retroactive. However, "Loper Bright" (decided June 28, 2024) serves as a reminder and crystal clear directive as to what should have *already* been proper legal practice as it regards this matter.

Judges, *not agencies,* should interpret the law—from the statutes right down to agency directives (*especially* when those directives contradict the law and/or superceding policies). When a government agent, especially a field-level administrator, is allowed to decide what the law is (e.g. grant conditions, accounting methods and definitions), it can lead to catastrophic

consequences, including horrible miscarriages of justice and loss of personal liberty, as in Petitioner's case.

At trial in 2017 until now, the government and the Courts (district and appellate) have generously deferred to the four USDA employees who falsely testified, especially the grant administrator, even though there existed ample detailed regulations and a sitting judge to resolve for the jurors the *fundamental ambiguity* present in the grant reporting form/queries. So, too, the same authority to take exception to and properly instruct jurors regarding the grant administrator's other clearly unauthorized changes to use of the grant reporting form. The grant administrator received default expert witness status she did not merit.

The legal meaning of the certification, "all outlays were made in accordance with the grant conditions", should have been clarified and defined by USDA regulations and policies (that ineffective trial counsel failed to admit into evidence); not the whim of a grant administrator who, as she testified without ever having read the regulations (her own admission), unilaterally decided that contractors should have been paid (how? with what?) before reimbursement requests could be approved and disbursed, instead of following the mandated accrual accounting procedures.

III. **New Evidence: Discrimination Determination in Congressionally Mandated USDA DFAP**

In late 2023, Petitioner was notified by the Farmer Veteran Coalition (of which Petitioner is a member) that farmers who felt they had been discriminated against by the United States Department of Agriculture could apply for a determination that may also have included a compensatory award for their farming operation.

The program was called USDA DFAP and was promulgated pursuant to the Inflation Reduction Act of 2022. The entire applicant evaluation was conducted by a neutral third-party consulting company, not by USDA personnel, as directed by Congress, due to USDA's flagrant, habitual discriminatory practices.

Petitioner completed and uploaded the 47-page application on January 12, 2024, citing a mere sampling of incidents of discrimination *pre-dating* indictment, as far back as 2011. Petitioner's attached affidavit provides chronological details of the discrimination and the criminal and civil harsh repercussions that followed.

Petitioner received confirmation of discrimination in the United States mail on August 2, 2024. Evidence of extensive discrimination USDA carried out against Petitioner was finally documented after 13 years.

Upon receipt of new evidence, Petitioner consulted with counsel, who cautioned Petitioner that immediately bringing this new evidence of past discrimination to the attention of the Court may well have resulted in even *more* government retaliation and discrimination,

12

including probation violation(s) fabricated in the same despicable fashion as the original charges. Pursuant to this legal advice, Petitioner has waited until the statutory end of the probationary portion of the sentence (December 15, 2025) to apprise the Court and file this petition.

Heretofore lacking this evidence of government misconduct, Petitioner has been prejudiced at every stage of these proceedings: indictment/pre-trial, trial, post-trial, direct appeal, habeas corpus, incarceration, home confinement, and probation. Being falsely branded a liar has negatively infused and affected every aspect of Petitioner's life since the 2016 wrongful indictment. During pre-trial preparation, trial counsel flat-out refused to add Petitioner's discrimination claims to the defense strategy. Instead, tacitly believing the government, trial counsel intensified pressure on Petitioner to enter into a plea agreement.

To be clear, there was no crime Petitioner sought or continues to seek to justify with claims of discrimination. Petitioner understands dedication to NHIAF's mission would never have justified any false statements, and none were made. It was the discrimination itself, mostly through USDA employee testimony (amplified and leveraged by the prosecutors) and the contractor's false accusations and blackmail attempts that caused Petitioner's perfectly legal conduct under admittedly adverse conditions to be construed and misrepresented to jurors as criminal activity. This new evidence would have certainly raised even more serious doubts and led the reasonable jurors to an acquittal.

**IV. Continuing Case/Controversy Requirement:**

Petitioner understands that to proceed with this action once the sentence has been substantially served requires proof that limitations of civil rights persist, even beyond continued reputational damage.

Here is a sampling of qualifying civil rights penalties and limitations:

- Restitution (until repaid or December 15, 2042)

- Actual or Constructive Firearm Prohibition (lifetime prohibition)

- Ineligibility for Transportation Worker Identification Card and United States Coast Guard Captain's License (lifetime unless appealed)

- Marine Surveyor (Assessor) Certification Prohibition—course completed January 2018 (lifetime prohibition)

- Law School Admission/Attendance (prohibited by probation); admission to NH Bar Association; permission to practice in New Hampshire Courts (lifetime prohibition)

- Prohibition from representation of family members in civil and criminal matters in New Hampshire Judicial Branch Courts (lifetime prohibition)

- Prohibition of entry to Canada, Great Britain, Australia, New Zealand, and the European Union (eldest daughter resides in Spain) (lifetime prohibition)

- Prohibition of certification as a Maine or New Hampshire Wilderness Guide (lifetime prohibition)

## VI. Actual Innocence Claim

With the one-two punch of new evidence, plus Constitutional violations (government misconduct and ineffective assistance of counsel), Petitioner meets the requirements to support the claim of actual innocence and in no way abuses this request for Writ of Coram Nobis.

## VII. Ineffective Assistance of Counsel:

This Court prematurely found that Petitioner did not suffer from 6th amendment violations, as claimed by Petitioner immediately after trial until now, more than seven years later. In light of this new evidence and new proof of ineffective assistance of counsel for having ignored Petitioner's request to integrate USDA discrimination into trial defense, Petitioner appeals to this Court to change its preliminary determination and reach the Constitutional violation.

## VIII. First Circuit Direct Appeal Impact:

The flawed proceedings in this Court most certainly infected the direct appeal (First Circuit 18-1620). The government leaned heavily on the testimony of the USDA grant administrator, and the justices had no inkling the agency and the administrator were engaged in flagrant discrimination. Accordingly, the judges affirmed on the apparent basis that the agency and administrator had carte blanche to interpret the grant rules at their discretion under the now-defunct Chevron doctrine instead of holding them accountable to the codified statutes; their own agency policies under the Accardi Doctrine; and the law as dictated by this Court.

IX. Grounds for Summary Judgment:

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Please see President and Fellows of Harvard College v. Zurich American Insurance Company, No. 22-1938 (1st Cir. 2023).

In this case, the government simply cannot uphold its adversarial position in argument or discovery due to *its own admission* of discrimination against Petitioner. The entire case is reprehensible and unprosecutable and must be dismissed.


XI. Judicial Notice:

Petitioner respectfully requests that in addition to the Exhibits included in this motion, that the Court please take notice of the following supporting law and press release:

Section 22007 of the Inflation Reduction Act of 2022, Amending the American Rescue Plan Act of 2021, Section 1006 (e):

https://www.congress.gov/117/plaws/publ169/PLAW-117publ169.pdf


https://www.usda.gov/media/press-releases/2024/07/31/biden-harris-administration-issues-financial-assistance-more-43000

Date: December 15, 2024						Respectfully Submitted,

								*/s/ Suzanne Brown*
								114 Lake Umbagog
								P.O. Box 253
								Errol, NH 03579
								(603) 828-4860
								greatnorthwoodsfarm@gmail.com

## Certificate of Service

I hereby certify that on this day of December 15, 2024, a copy of the above motion and supporting pleadings was served on United States Attorney Jane E. Young, via First Class United States Postal Mail.

*/s/ Suzanne Brown*
Suzanne Brown

17