UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br>v.  )<br>  )<br>SUZANNE BROWN )<br>_____)  | Criminal Case No. 1:16-cr-0021-JL |

**OBJECTION TO DEFENDANT'S PETITION FOR WRIT OF CORAM NOBIS**

The United States of America respectfully requests that the Court deny defendant's pro se petition for coram nobis relief.

**A.   Background**

After a five-day trial in January 2017, a jury convicted Defendant Suzanne Brown of twelve counts of making false statements to a federal agency in violation of 18 U.S.C. § 1001. Dkt. No. 38 (jury verdict form).  The charges arose out of the defendant's obtaining of two Rural Business Enterprise Grants from the United States Department of Agriculture ("USDA"), and subsequent false certifications in order to obtain funds pursuant to the grants that she used for her personal benefit.

The Court sentenced the defendant to 12 months of imprisonment to be followed by two years of supervised release pursuant to a judgment entered in June 2018.  Dkt. No. 95.  The Court also ordered restitution in the amount of $81,195 to the Department of Agriculture and to pay a special assessment of $1,200.  *Id.* at 6, 7.  The First Circuit affirmed in a published decision in December 2019.  *United States v. Brown*, 945 F.3d 597 (1st Cir. 2019).

On January 28, 2020, defendant filed a petition for a writ of habeas corpus, seeking to vacate her conviction and sentence via 28 U.S.C. § 2255.  *See* Dkt. No. 20-cv-170-JL.  Multiple hearings followed, and the Court denied the requested relief in a hearing and accompanying

order on February 12, 2021. The Court additionally denied defendant a certificate of appealability ("COA"). Undaunted, defendant nevertheless appealed to the denial of her § 2255 and the COA to the First Circuit, which again denied defendant any relief.

Ultimately defendant did not begin her sentence until January 3, 2022. The Bureau of Prisons allowed her to serve part of her incarceration on home monitoring prior to her release date of December 16, 2022. Her supervised release term began then. In 2024, defendant filed a motion for early termination of supervised release, which the Court granted following a hearing in late 2024.

Defendant has now filed a "Motion for Summary Judgment Petition for Writ of Error Coram Nobis and Motion for Interim Stay of Sentence on Grounds of Actual Innocence (New Evidence and Change in Law)." Dkt. No. 150. Through this latest filing, defendant seeks coram nobis relief of having her conviction vacated and associated related relief. In support of the petition, defendant raises numerous challenges to the evidence at trial, asserts new evidence exists because she apparently received funds from the USDA in 2024, and reasserts her well-trodden claims of ineffective assistance.

## B. The Applicable Standard

Pursuant to the All Writs Act, federal courts have the authority to grant writs traditionally available at common law, including a writ of error coram nobis. *See* 28 U.S.C. § 1651; *United States v. Morgan*, 346 U.S. 502, 506-507 (1954); *United States v. Sawyer*, 239 F.3d 31, 37-38 (1st Cir. 2001) (discussing historical background on the writ). Post-conviction relief by way of a writ of error coram nobis may be granted from a conviction only for "error of the most fundamental character" where the defendant is no longer in custody and where continuing adverse collateral consequences from the conviction persist. *Morgan*, 346 U.S. at 512; *Sawyer*,

239 F.3d at 37-38. While affirming its availability as a mechanism for post-conviction relief in extraordinary cases, the Supreme Court has made clear that "[c]ontinuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this *extraordinary remedy* only under circumstances compelling such action to achieve justice." *Morgan*, 346 U.S. at 511 (emphasis added); *see also United States v. Denedo*, 556 U.S. 904, 916 (2009) ("No doubt, judgment finality is not to be lightly cast aside; and courts must be cautious so that the extraordinary remedy of coram nobis issues only in extreme cases."); *United States v. George*, 676 F.3d 249, 254 (1st Cir. 2012) ("Given the [Supreme] Court's evident concerns, it is not surprising that successful petitions for coram nobis are hen's-teeth rare.").

The First Circuit has explained that a writ of coram nobis may be granted only when a petitioner (1) explains her failure to seek relief from judgment earlier, (2) shows that she "continues to suffer significant collateral consequences from the judgment," and (3) proves that the error is fundamental to the validity of the judgment. *Hager v. United States*, 993 F.2d 4, 5 (1st Cir. 1993). "Even if the [three-part] test is satisfied, the court retains discretion over the ultimate decision to grant or deny the writ." *George*, 676 F.3d. at 255.

**C. Discussion**

Defendant does not address the applicable standard for the extraordinary relief she requests. Even construing her pleading broadly, she does not otherwise demonstrate entitlement to the writ, and the Court should deny the petition.

First, to the extent defendant repeats her earlier claims of ineffective assistance and government misconduct, her petition appears to act as an improper successive petition for relief under § 2255 and can be denied on those grounds. *See Trenkler v. United States*, 536 F.3d 85, 98 (1st Cir. 2008) ("The writ of coram nobis may not be used to circumvent the clear congressional

directive embodied in the 'second or successive' provisions of § 2255."). Moreover, defendant has been out of custody for approximately two years prior to filing the instant petition, yet does not explain the reasons for delay. She thus cannot satisfy the first prong.

As to the second prong, it appears Defendant claims reputational damage from her conviction. *See* Petition at 26 ("I do not deserve to live a single day more as a felon with the continuing reputational damage and restrictions from living and working as I wish."). Such a claim is insufficient to rise to the level of "significant" collateral consequences from the judgment. "Only a small number of cases found collateral consequences significant enough to satisfy the high standard of the coram nobis test." *United States v. Mirza*, 755 F. Supp. 2d 329, 333 (D. Mass. 2010) (holding that "the collateral consequences of overly broad restitution do not carry the gravity required for coram nobis relief" in rejecting petition). Mere economic or reputational consequences of a prior conviction, or harms which occurred entirely in the past, do not constitute significant, continuing collateral consequences. *See, e.g.*, *United States v. Sloan*, 505 F.3d 685, 697 (7th Cir. 2007) (finding that financial restitution obligation is a "sunk cost rather than a continuing disability producing additional injury as time passes"); *Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998) ("desire to be rid of stigma" not enough); *United States. v. Keane*, 852 F.2d 199, 204 (7th Cir. 1988) (emotional interest not sufficient). Defendant therefore cannot demonstrate that she continues to suffer "significant collateral consequences" from the judgment and fails the second prong of the test.

Finally, as noted above, the overwhelming majority of defendant's claims relating to trial strategy, evidence, and the investigation into her criminal conduct were dismissed in her previously filed § 2255 motion and are therefore procedurally barred. The two apparent exceptions are (1) defendant's claimed receipt of funds from the USDA in 2024 as some sort of

admission of past discrimination and (2) the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024) from June 2024. Neither allegation merits discussion because neither claim suggests any error in the judgment of conviction against the defendant: that on twelve occasions between 2011 and 2012, the defendant submitted false SF-270s in order to obtain grant funds. The defendant cannot therefore show any error that is fundamental to the judgment here.

Finally, even if the defendant had satisfied the required elements for coram nobis relief, the Court should exercise its discretion and deny the claim. The defendant was convicted by a jury of her peers more than eight years ago. She has been afforded significant process to challenge that conviction and failed at every turn. The interest in the finality of judgments warrants denial here. *See, e.g.*, *United States v. Denedo*, 556 U.S. 904, 916 (2009) (explaining that "judgment finality is not to be lightly cast aside").

Dated: January 22, 2025              Respectfully submitted,

                                     JOHN J. MCCORMACK
                                     Acting United States Attorney

          By:             /s/ Charles L. Rombeau
                          Charles L. Rombeau
                          Assistant U.S. Attorney
                          53 Pleasant Street, 4th Floor
                          Concord, New Hampshire 03301
                          charles.rombeau@usdoj.gov

## CERTIFICATION OF SERVICE

      I hereby certify that a copy of this response will be served by first class mail on the pro se defendant:

Suzanne Brown
114 Lake Umbagog
Errol, NH 03579

                                          /s/ Charles L. Rombeau
                                          Charles L. Rombeau
                                          Assistant United States Attorney