# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **SUZANNE BROWN,** | ) | |
| **Petitioner** | ) | |
| | ) | Case No. 1:16-CR-00021-JL |
| V. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent** | ) | |
| | ) | |

## PROPOSED PETITIONER AFFIDAVIT: DECLARATION IN SUPPORT OF MOTION TO SUPPLEMENT PLEADINGS FOR SUMMARY JUDGMENT PETITION FOR WRIT OF ERROR CORAM NOBIS ON GROUNDS OF ACTUAL INNOCENCE (NEW EVIDENCE AND CHANGE IN LAW)

I, Suzanne Brown, Pro Se Petitioner, respectfully submit this proposed declaration for immediate docketing under penalty of perjury, pursuant to 28 U.S.C.§ 1746, as follows:

1. I am the Movant/Petitioner in this action and the Defendant in associated case 20-cv-00170-JL.

2. I respectfully request that this court approve the incorporation of these supplemental pleadings to support the Writ of Error Coram Nobis on grounds of significant change in Constitutional law and release of indisputably new evidence; and then rectify this manifest injustice in my favor as a factually innocent person who committed no crime.

3. The following narrative and supporting documentation specifically pertain to the lack of due process (ineffective assistance of counsel and prosecutorial misconduct) surrounding the claim(s) of discrimination contained in the January 12, 2024, USDA DFAP application/findings (filed with Petition) that occurred prior to (2011-2012), during, and after the 2016 indictment,.

4. This declaration is not an exhaustive account of all of the discrimination and misconduct in this case.

5. Although the USDA/DFAP *admitted* to finding(s) of discrimination, thus far, the government and the Court have respectively opposed and minimized the fatal impact of this misconduct on the verdict, reducing it to a mere "monetary award".

   Otherwise, there is no doubt that the Court would have appointed counsel to advocate for this innocent Defendant/Petitioner and/or would have after more than 8 months since filing the Petition already granted expedited summary judgment of the writ, due to the manifest injustice of the wrongful conviction and its continuing deleterious effects.

2

6. To be clear, although this wrongful conviction has certainly decimated mine and my family's finances, the DFAP application was *never* about monetary compensation. It was, and remains, about *justice* and the *priceless* restoration of my reputation and civil rights, of which I have been deprived since March 8, 2016; these same rights (and others) previously revoked by the State of New Hampshire until I was acquitted at trial in 2014, nearly two years before the federal indictment.

7. Thus, my freedom, reputation, civil rights, family, and farm have been under attack and suffered for nearly 13 years.

8. At the time of the January 12, 2024, DFAP submission, as stated therein, I no longer possessed the supporting evidence I have only recently retrieved from previous trial and habeas counsel. Over the months since filing the Petition, I have since retrieved as much of the documentation as possible.

9. In 2016, upon indictment and appointment of federal defender counsel (as an indigent defendant), during in-person meeting(s) at the federal defenders' Concord office, I forcefully explained that the entire case was the product of discrimination and retaliation for having requested Congressional assistance from Senator Jeanne Shaheen's office and for having reported to her office comments critical of USDA.

10. I further explained to trial counsel that the contractors were falsely attempting to leverage their USDA "cronies" and the entire agency against me, themselves criminally weaponizing the justice system, in order to blackmail me personally into paying them what they claimed they were owed by the non-profit.

3

11. When my concerns were immediately disregarded, and in fact mocked, as "a conspiracy theory", I attempted to file a FOIA request (that ultimately went unanswered) to convince them. On September 8, 2016, I sent a follow-up email to trial counsel Bjorn Lange and Dorothy Graham and investigator Chase McNiss (Exhibit A), concluding with:

> *"I understand that you are not fond of my "conspiracy theory", but there is a serious USDA bias against me that needs to be brought to light for the jury to doubt the USDA witnesses' actions and testimony. Please let me know how you would like to proceed."*

Trial counsel did not answer this email.

12. Before trial January 17, 2017, I also attempted in exhaustive detail to explain to the trial team via email (Exhibit B) how the entire investigation was discriminatory and biased, concluding:

> *"In short, USDA/RD did not follow a procedure that afforded me my rights and by allowing me a full explanation may have been able to avert the past four+ years of investigation, time and expense...not to mention my anguish or allowing Redmond to review my records and statements so that she could conduct a fair and balanced review of the case.*
> *Please confirm receipt and I will spend today on other witness impeachment unless you direct otherwise."*

Trial counsel did not answer this email, either.

4

13. On the eve of trial, the government provided the defense with its evidence binder containing Exhibit 51.01 (Exhibit C). The document was *what should have been* the January 22, 2013, *tripartite* letter from me to USDA supervisor David Robinson (Exhibit D, USDA investigation pages 13R172_USDA-00555 to -00559), consisting of: 1) explanation and justification of my non-criminal actions; 2) the April 19, 2012, letter from Senator Shaheen to USDA; and 3) the letter from NHIAF's counsel Attorney Peter Malia to contractor Julie Moran, defending the organization and condemning her harmful actions (re-indexed and filed as government exhibit 38).

Instead, Exhibit 51 had been completely stripped of Senator Shaheen's letter, which I immediately verbally brought to trial counsel's attention. I had "set up camp", working all day-every day, for at least a week before trial in the federal defenders' conference room. They took no action and brushed off my concerns, even when I emphasized that this was tampering/misconduct, exclusion/suppression of exculpatory evidence. I warned them that the government intended to fully leverage the tampered exhibit against me, which is precisely what happened at trial.

14. There are no words to communicate to this Court my sinking feeling of dread and helplessness with my life and freedom at stake, knowing that my own trial counsel refused to listen to me and effectively advocate for my innocence, including refusing to employ the regulations I gave them or consult with a qualified government accounting expert.

15. This was a huge departure from my dedicated New Hampshire state attorneys, who treated me with respect and with whom I had worked closely and effectively to acquittal. Represented ineffectively by the federal public defenders, desperately trying to get them to understand my defense, I saw the writing on the wall foretelling the disastrous verdict that followed.

16. Later (2019-2020 during habeas corpus proceedings), Attorney Donna Brown, a former public defender herself who is well acquainted with both trial counsel, explained to me that in her experienced opinion it was their clear error of negative "confirmation bias" against me as a defendant that rendered ineffective their entire handling of my case.

    Trial counsel simply refused to believe or explore the possibility (actively listen to their client; consult an expert; read the regulations) that I was/am innocent. Moreover, trial counsel was visibly irritated on more than one occasion that I would not entertain any plea negotiations and that I insisted on going to trial.

17. Indeed, the government took full advantage of their deliberate alteration of Exhibit 51.01 and defense counsel's objective inaction. I have excerpted the government's devastating cross examination of me using the tampered evidence, as well as closing arguments (Exhibits E 1-3). These misrepresentations went hand-in-glove with the government's nullification instruction that the Court readily adopted and that deprived the jury their Constitutional right to deliberate without undue influence.

18. It is in this way that in this instance (and others during trial), that the jurors were intentionally misinformed, my innocence was obliterated, and the wrongful conviction engineered.

6

19. It is particularly disheartening to know that the lead trial prosecutor on whose watch the evidence was altered and abused is now a First Circuit Appellate Court justice.

20. Had the jury known about this misconduct and trial counsels' mishandling of my case, I am 100% certain that my fair-minded fellow citizens of New Hampshire would have immediately grasped the government's modus operandi and acquitted me, especially if trial counsel had objected as they should have.

    As it was, in this technical matter with fundamentally ambiguous reporting forms, the jurors were struggling to understand my testimony and my innocence when they asked the Court during deliberations for the true definition of "in-kind services" (as I accurately testified) to correct the government's *wrong* definition, as confirmed by the forensic accounting expert years later post-trial (during habeas corpus proceedings).

21. And had the jury been able to evaluate the entirety of an untampered Exhibit 51.01, what would have been their impression and the effect of the conduct of government agents who severely punish citizens like me (a military veteran) with wrongful criminal charges (and according to the United States Sentencing Commission, a near 100% federal conviction rate) simply for requesting assistance [and/or registering a critical opinion(s)] from elected officials in dealing with federal agencies? Chilling.

22. I am also certain that had my due process rights been preserved by *effective* counsel, direct appeal counsel (Attorney Julia Heit) and habeas corpus counsel (Attorney Donna Brown) would have readily seized upon the tampered evidence and other due process violations and incorporated them into their arguments-in-chief to prevent my undeserved imprisonment at maximum security Federal Detention Center Philadelphia.

23. Thus, these pleadings come full circle back to my original statement to USDA Supervisor Robinson from January 22, 2013, (Page 2, Paragraph 5 of Exhibit D):

> *"I also anticipate providing a follow-up report to our Congressional delegation regarding NHIAF's experiences surrounding the federal grant application and administrative process."*

Twelve years later, having unfortunately and unjustly experienced *every* stage of the criminal justice process, I believe it is even more critical to (also as originally intended) *constructively* report to the legislative delegation and other justice reform stakeholders—this time hopefully with the executive and judicial branches of the federal government respecting my civil right to communicate with elected officials; and without accusations of "lashing out", or other discriminatory and retaliative consequences.

24. Finally, I pose the same famous question as President Reagan's former Labor Secretary Raymond Donovan, indicted and acquitted in 1987 after trial in federal court: "Which office do I go to to get my reputation back?"

25. It is my fervent request that this Court's dedication to justice will prevail with the grant of the writ of error coram nobis, my exoneration on grounds of violations of due process and actual innocence, and the long-overdue restoration of my civil rights.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. I am competent and willing to testify on the matters stated herein.

Executed at Errol, New Hampshire on this 1st day of September 2025.

Date: September 1, 2025                    Respectfully Submitted,

                                           */s/ Suzanne Brown*
                                           114 Lake Umbagog
                                           P.O. Box 253
                                           Errol, NH 03579
                                           (603) 828-4860
                                           greatnorthwoodsfarm@gmail.com

**Certificate of Service**

I hereby certify that on this day of September, 1 2025, a copy of the above motion and supporting pleadings was served on Acting United States Attorney Erin Creegan, via ECF.

                                           */s/ Suzanne Brown*
                                           Suzanne Brown