Farmer Brown <greatnorthwoodsfarm@gmail.com>

## Robinson's Critical Error
1 message

**Great North Woods Farm** <greatnorthwoodsfarm@gmail.com>                    Mon, Jan 16, 2017 at 9:55 AM
To: Bjorn Lange <bjorn_lange@fd.org>
Cc: Dorothy Graham <Dorothy_Graham@fd.org>, Chase McNiss <Chase_McNiss@fd.org>

Besides rushing to judgment and accusing me of fraud (meeting 1/22/13), as well as asking me for documents that had not been previously required (letter 1/16/13), Robinson (and Redmond) completely botched the investigation procedures as outlined in 1951-O.

In fact, both Sherry Paige (13R172_USDA-00561) and Ken Hennings, Washington RD Branch Chief (13R172_USDA-00468) refer to this instruction as the guiding document. (Note: Paige incorrectly calls the instruction 1950-O)

Robinson's January 16, 2013 (13R172_USDA-00702), letter informed me of the process in a summary three-step progression in accordance with the 1951-O instruction. That letter was lacking important information about my appeal and other rights.

Here's what should have happened:

1. Local RD office or Washington hotline suspects unauthorized grant funding

2. Letter sent to grant recipient, containing all the elements (including notice of appeal rights) contained in 1951-O, Exhibit A (boilierplate letter). Initial meeting scheduled with recipient.

3. If after meeting, Agency still believes the funding was unauthorized (1951.07), a demand for repayment letter is sent to recipient. (1951.08)

4. If criminal activity is suspected, USDA OIG notified. If OIG agrees to investigate, investigation commences.
Upon completion of investigation, full report is sent to agency and DOJ.

Note: it should go without saying that the investigation should be timely, not dragged out over four years. There are OIG guidelines for timely investigatuons contained in their own instructions.

5. Concurrently, grant recipient has full appeal rights to challenge unauthorized grant funding determination as outlined in 7 CFR 11, with the National Appeal Division of USDA (impartial division of USDA). Embedded in these rights are also the right to request mediation. This is a very detailed and formal process that Catherine and I experienced with the NH Farm Service Agency.

6. The only way to bypass this process would have been for Robinson (or higher up the chain) to exercise exception authority (1951.717), which requires a written explanation for why procedures listed in 1951-O should not be followed.

In short, USDA/RD did not follow a procedure that afforded me my rights and by allowing me a full explanation may have been able to avert the past four+ years of investigation, time and expense...not to mention my anguish or allowing Redmond to review my records and statements so that she could conduct a fair and balanced review of the case.

Please confirm receipt and I will spend today on other witness impeachment unless you direct otherwise.

Thank you,

Suzanne