Ex. D



# The New Hampshire Institute of Agriculture and Forestry
1857 White Mountain Highway
North Conway, NH 03860
(603) 969-9896
www.nhiaf.org

January 22, 2012

David Robinson
Business and Cooperative Programs Director
NH/VT USDA Rural Development
City Center, Third Floor, 89 Main St
Montpelier, VT 05602

RE: 2012 NHIAF Rural Business Enterprise Grant

Dear David:

Thank you for meeting with me today. In advance of our meeting, I would like to issue this statement and my authorization for NHIAF's payroll account to be automatically reinvested in accordance with the demands of our mission.

*[handwritten in margin: Not Approved in Scope of work]*

As you know, NHIAF exists to promote the prosperity of farmers, farms, and markets/distribution for local food products. NHIAF is also a working commercial and educational certified organic farm.

In early 2012 it became clear that NHIAF would receive no assistance from FEMA or Farm Service Agency for our crops losses from Tropical Storm Irene on August 28, 2011. Our non-profit also submitted a complete/comprehensive $750,000 application for the Beginning Farmer and Rancher Development Program Grant. We experienced Grants.gov technical difficulties during submission, and the entire application was subsequently rejected by the National Institute of Food and Agriculture. I have attached the April 19, 2012 letter submitted to NIFA by Sen. Jeanne Shaheen on our behalf.

When we were awarded $18,000 to carry out the training scope of work for the New Hampshire Fresh e-commerce software and distribution, by the time of our first disbursement, it became clear that without other funding we would not be able to both deliver the training and then also support the execution of the delivery service (which in fact was to be seed-funded by the BFRDP). As the entire disbursement of both federal funds and matching dollars was to compensate myself and Julie Moran for our work, we both volunteered to accept the funds into NHIAF's payroll account but then to immediately/automatically return them to NHIAF to support our mission. The funds were to be re-released back to us at such time as NHIAF improved its cash position though continuous fund-raising and/or NHIAF farm profits. Meanwhile, the accounting of the payroll (myself) and invoices (Julie Moran) continued as normal to reflect our work during the actual timeframe completed.

Most importantly, I could not in good conscience train farmers for a project unless I also knew we would be able to carry it out. From my earliest professional experiences at the Naval Academy and as a Marine officer, I was always taught that the mission comes first. As a result of our having returned/deferred our payroll funding, NHIAF was able to carry out a successful three-month trial of the NH Farm Fresh

delivery service using online ordering and online back-office functionality. The farmers learned to use the system, *and* they made money from their product sales.

During this summer timeframe, in addition to the growing/delivery season, we were also moving the entire NHIAF farm operation out of the flood plain and to a new farm location 40 minutes away. I apologize for the interruption of communication with USDA, as we were also experiencing difficulties establishing phone and Internet service during the months of June-September.

As far as Julie Moran is concerned, she willingly delayed her compensation, as I did, until such time in early September that a retired USDA employee informed her that she was within her rights to immediately demand her compensation. NHIAF maintains that her manner of attempting to gain that compensation was extremely damaging to our organization. I have attached a copy of the letter sent from NHIAF's attorney stating our organization's position in this matter. NHIAF will issue her a closing statement for 2012 that will show that the compensation she is owed for her work on the 2012 RBEG is more than offset by the financial and reputational damages incurred by NHIAF.

To date, Julie Moran has declined our request to retract her defamatory statements. NHIAF will issue a final report for the 2012 RBEG after we receive documents she submitted to USDA that I believe can only be released through a Freedom of Information Act Request, which will be forthcoming. Ms. Moran faces legal action from NHIAF and also from the White Mountain Organic Growers Association in the event they are not awarded the Value-Added Producer Grant.

I also anticipate providing a follow-up report to our Congressional delegation regarding NHIAF's experiences surrounding the federal grant application and administrative process.

I would appreciate your guidance on the administrative settlement of this matter, and I want to make it very clear that my actions were forthright and made with the intention of satisfying the requirements of both the mission and the USDA reporting process.

Sincerely yours,

Suzanne Brown
Executive Director

13R172_USDA-00556

JEANNE SHAHEEN
NEW HAMPSHIRE

SUITE SH-520
HART BUILDING
WASHINGTON, DC 20510
(202) 224-2841

# United States Senate
WASHINGTON, DC 20510

April 19, 2012

Ms. Chavonda Jacobs-Young
Acting Director
National Institute of Food and Agriculture
1400 Independence Ave SW
Washington, DC 20250-2201

Dear Ms. Jacobs-Young:

I write to request your assistance with certain necessary changes that must be made to the Grants.gov web portal application submission process.

In November of last year, the New Hampshire Institute of Agriculture and Forestry (NHIAF) submitted an application for funding under NIFA's Beginning Farmer and Rancher Development Program. Unfortunately, NHIAF's Director, Suzanne Brown, experienced technical difficulties with the application transmission related to the stability of the required format.

Both Grants.gov and NIFA e-mailed Ms. Brown to verify that NHIAF's application was received, but she later learned that certain required materials were not actually transmitted before the agency deadline. Ms. Brown believed she had submitted all materials in full and on time, but did not have any way to verify that her electronic application was in fact complete.

I was very disappointed to learn that NHIAF's application was deemed "incomplete." I believe that Ms. Brown's experience illustrates a critical gap in the Grants.gov electronic file submission process. At a time of scarce funding on the local, state and national levels, applicants should be able to confirm that they have done all that they are able to do when pursuing critical support.

I request your assistance in improving the electronic grant submission process so that future applicants will not face the unfortunate and avoidable problems encountered by the New Hampshire Institute of Agriculture and Forestry. Thank you for your attention to this issue.

Sincerely,

Jeanne Shaheen
United States Senator

# HASTINGS LAW OFFICE, P.A.

376 Main Street, P.O. Box 290, Fryeburg, ME 04037
Telephone 207-935-2061 • Facsimile 207-935-3939
www.hastings-law.com

PETER G. HASTINGS
DAVID R. HASTINGS III
PETER J. MALIA, JR.
BOARRIE S. GOULD

DAVID R. HASTINGS 1847-1896
EDWARD E. HASTINGS 1879-1939
HUGH W. HASTINGS 1914-1967
DAVID R. HASTINGS II 1940-2010

December 19, 2012

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED
AND REGULAR U.S. MAIL**

Julie Moran
P.O. Box 447
Colebrook, NH 03576

Dear Ms. Moran:

I represent Suzanne Brown, the New Hampshire Institute of Agriculture and Forestry and its Board of Directors. I am in receipt of a defamatory email dated September 15, 2012 which you sent out to many of NHIAF's customers, board members, farmers, possible funding sources, and other interested parties. I understand that you have a dispute with Ms. Brown regarding payment for your services. However, the manner in which you communicated your dissatisfaction with Ms. Brown to the recipients of your email was not only unnecessary it was defamatory to Ms. Brown and NHIAF.

Furthermore, in your September 15th email you referenced a "previous fiscal sponsor." We believe this to be a reference to Richard Denmark, Executive Director of North Country Resource Conservation and Development, and therefore we have copied North Country Resource Conservation and Development on this letter.

In fact, your defamatory statements to NHIAF's funders and customers were the cause of either a retraction or delay in financing and also caused an interruption and shortfall in payments from customers. Your actions also caused an interruption of deliveries from farmers in Coos County to at least two of NHIAF's customers on September 13, 2012, seriously damaging NHIAF's hard-earned reputation for reliable local deliveries.

On behalf of Ms. Brown, NHIAF and its Board of Directors, I am hereby asking that you send an email out to each and every one of the recipients of your September 15, 2012 email stating: "On September 15, 2012 I sent out an email with disparaging comments pertaining to Suzanne Brown and NHIAF. My dispute with Ms. Brown was, and is, personal in nature and I regret having sent that email. Any allegation I made in said email that would suggest that Ms. Brown misappropriated or mismanaged funds or NHIAF operations was misdirected and erroneous and I retract those statements." Please copy Suzanne Brown at her NHIAF email address with each email retraction.

As far as your suggestion that you are owed approximately $41,000, NHIAF disputes your claim. If you wish to communicate further with Suzanne Brown or NHIAF, you are hereby instructed to communicate with me. As your November 2, 2012 email indicated that you would "take further action to the full extent of the law," please know that Ms. Brown and NHIAF will do the same if you publish any further defamatory statements.

Sincerely,

Peter J. Malia, Jr.

PJM,Jr./hab

cc:  Suzanne Brown
     NHIAF
     North Country Resource Conservation and Development

PJM.Current.Brown.Letter-Moran-120412

13R172_USDA-00559