No. 25-TBD

**UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT**

SUZANNE BROWN, Defendant-Appellant

v.

UNITED STATES, Plaintiff-Appellee

On Appeal from the United States District Court for the District of New Hampshire
in Case No. 1:16-cr-00021-JL, Judge Joseph Laplante

**<u>EMERGENCY PETITION FOR WRIT OF MANDAMUS</u>**

***(Expedited Relief Respectfully Requested)***

Petitioner Suzanne M. Brown respectfully petitions this Court for a writ of mandamus pursuant to 28 U.S.C. § 1651(a) (All Writs Act), requesting the following relief:

**RELIEF SOUGHT**

1. **Primary relief – direct coram nobis/coram vobis.**

    Grant the writ of coram nobis (or coram vobis under 28 U.S.C. § 1651(a)) directly and remand with instructions to vacate Petitioner's conviction and order requested relief based on the complete and undisputed record demonstrating actual innocence, government-admitted discrimination, and Brady violations.

2. **First alternative – reassignment.**

    Alternatively, remand to the Chief Judge of the District of New Hampshire for reassignment of the pending coram nobis petition to a new judicial officer, to preserve the appearance of impartiality given: (a) the district court's express statement that its offer of oral argument was "not as any sort of recognition of the complexity or potential merit" of Petitioner's

1

claims; (b) the fact that those claims involve alleged Brady violations by a prosecutor who is now a judge of this Court, government-admitted discrimination by the victim agency, and unrebutted expert evidence of actual innocence. Dkt. 188; and (c) previous allegations of bias and motions/requests for judicial recusal during habeas corpus proceedings (20-cv-00170 Dkt. 37, 38) and probation (Dkt. 147)

**3. Second alternative – mandamus directions to district court.**

Alternatively, issue a writ of mandamus directing the district court to: (a) appoint counsel under the Criminal Justice Act; (b) authorize expert-witness funds under 18 U.S.C. § 3006A(e); (c) require full authentication and provenance of the Bates-numbered Shaheen/Robinson/Malia correspondence and related USDA-OIG materials; and (d) stay the December 9, 2025 oral argument in *United States v. Brown*, No. 1:16-cr-00021-JL-1 (D.N.H.), pending compliance with these directives. Dkt. 193.

---

## I. INTRODUCTION AND NATURE OF RELIEF SOUGHT

This emergency petition arises from extraordinary circumstances in which the United States District Court for the District of New Hampshire has created a procedural dead end that denies Petitioner any meaningful opportunity to present claims of actual innocence based on government-admitted discrimination, unrebutted expert testimony, and Brady violations involving the trial prosecutor who is now a judge of this Court.

On November 24, 2025, the district court issued an endorsed order stating that its offer of oral argument—now scheduled for December 9, 2025—"was offered in light of her status as a self-represented litigant, to ensure that she had every opportunity to be heard if she wished, and not as any sort of recognition of the complexity or potential merit of her claims." Dkt. 188 (emphasis added). This express disclaimer of "complexity or potential merit," combined with the court's systematic denial

of counsel, denial of expert funds, and truncation of the authentication dispute as "moot," warrants immediate intervention by this Court. Dkts. 176, 180, 186, 187, 190, 192, 193.

Petitioner was indicted in 2016 and convicted in 2017 of making materially false statements under 18 U.S.C. § 1001 in connection with reimbursement certifications (SF-270 forms) for USDA Rural Business Enterprise Grants. Dkts. 1, 78, 113. The Government's theory rested entirely on a cash-basis view of when "outlays" could be certified—arguing that Brown falsely certified that "grant expenditures had been made" and/or that contractors had already been paid in cash when Brown openly disclosed that contractors had not yet been paid. Trial testimony from USDA personnel adopted that cash-basis interpretation.

The record since 2020 habeas corpus proceedings (20-cv-00170) conclusively shows that this theory was legally wrong. Federal regulations governing these grants required accrual-basis accounting, under which Brown's certifications were compliant. A forensic accounting expert, Anne M. Layne, CPA/CFF, CFE, CAMS, analyzed the controlling regulations (including 7 C.F.R. § 3430, 2 C.F.R. pt. 200, OMB Circular A-110, and RD Instruction 1942-G) and concluded that Brown's certifications were materially compliant with the federally mandated accrual method. *Brown v. United States*, No. 20-cv-170-JL (D.N.H.), Dkt. 6-1; Dkt. 17 (evidentiary hearing transcript).

The USDA grant administrator who testified against Brown admitted under oath that she had never read these regulations and that her testimony reflected her personal belief that "the money has to be spent" before reimbursement—i.e., a cash-basis standard contrary to the law. 20-cv-170 Dkt. 17 at 6–7.

On August 2, 2024, USDA's Discrimination Financial Assistance Program (DFAP) issued a written determination that USDA discriminated against Brown regarding USDA grants and loans,

including on the basis of prior civil-rights activity, under Section 22007 of the Inflation Reduction Act

(amending Section 1006 of the American Rescue Plan Act). Coram nobis petition Ex. D (Dkt. 174-4).

That discrimination finding is the Government's *own admission*, not an allegation, and it directly

explains why USDA officials misapplied the regulations, resisted exculpatory evidence, and supported a

criminal case built on a cash-basis theory that the regulations do not permit.

In addition, Brown has produced the originating document of the governmental animus

referenced in the DFAP claim(s), Bates-stamped correspondence from Senator Jeanne Shaheen's office

to USDA dated April 19, 2012, advocating on Brown's behalf, together with Brown's January 22, 2013

letter to USDA official David Robinson explicitly attaching the Shaheen letter and correspondence from

NHIAF attorney Peter Malia disputing defamatory accusations. Dkts. 175-4, 175-5, 191-1.

These documents bear USDA-OIG Bates numbers, establishing that they were in the

Government's investigative and discovery files, processed by the Government's own system. Brown

avers that she discovered the Shaheen letter before trial, brought it to defense counsel's attention, and

that counsel refused to investigate, authenticate, or present it. Coram nobis petition Ex. A (Brown

Affidavit, Dkt. 174-1). This combination—Government possession of materially exculpatory evidence

plus trial counsel's refusal to act when alerted—are classic Brady and *Strickland* errors.

The trial prosecutor responsible for discovery, regulatory theory, and Brady compliance was

then-Assistant United States Attorney Seth Aframe, now Judge Aframe of this Court. Brown must now

litigate Brady and actual-innocence claims about that prosecutor's conduct pro se before a district judge

who has already denied recusal twice and who has now declared that her coram nobis claims do not

reflect "complexity or potential merit," all while any eventual appeal from denial would return to a

Court where Judge Aframe sits. Dkts. 161, 164, 188.

4

The cumulative picture is stark: unrebutted expert evidence demonstrates that Brown's conduct complied with the law; USDA has formally admitted discrimination against her; physical Bates evidence proves exculpatory materials were in Government files; and the district court has signaled prejudgment while denying the tools (counsel, expert funds, full authentication) necessary for what should be a fair evidentiary hearing, not merely vague and curtailed "oral argument". This Court should grant coram nobis / coram vobis relief directly. At a minimum, it should reassign the case or issue mandamus to ensure that any further proceedings are genuinely fair and meaningful rather than a formal ratification of a foregone conclusion.

---

## II. MOST PREFERRED RELIEF: DIRECT GRANT OF WRIT OF CORAM NOBIS / CORAM VOBIS

This Court now possesses all evidence necessary to grant coram nobis (or coram vobis) relief directly and to remand with instructions to vacate Brown's conviction without obliging her to return to further proceedings before a district judge who has already announced that he does not regard her claims as complex or potentially meritorious.

A. The factual record is complete and essentially undisputed

1.  Government-admitted discrimination

USDA's DFAP issued a written determination on August 2, 2024, finding that the agency discriminated against Brown predating the subject matter grants and indictment, pursuant to Section 22007 of the Inflation Reduction Act (amending Section 1006 of the American Rescue Plan Act). Coram nobis petition Ex. D, Dkt. 174-4. The Government does not dispute that this determination was issued or that it is valid.

This is not speculation; it is an institutional admission that the purported victim agency in Brown's case targeted her in a discriminatory manner. That admission explains why USDA personnel misapplied the grant regulations; why the grant administrator testified from a cash-basis view she admitted she had never confirmed in the governing regulations; and why the agency pressed a criminal prosecution instead of conducting a fair and unbiased inquiry and/or correcting accounting misunderstandings that an unbiased regulator would have resolved administratively.

2. Unrebutted expert testimony proving no false statement under the law

Forensic accountant Anne M. Layne, CPA/CFF, CFE, CAMS, examined the grant requirements and applicable regulations for the Rural Business Enterprise Grants at issue. Her written report (June 19, 2020) and testimony at a September 21, 2020 evidentiary hearing in *Brown v. United States*, No. 20-cv-170-JL, demonstrate that the governing federal scheme required accrual-basis accounting. 20-cv-170 Dkt. 6-1; Dkt. 17.

In that framework:

- "Outlays" for purposes of the SF-270 refer to obligations incurred, not necessarily cash already disbursed.
- When Brown certified amounts on the SF-270s, those amounts reflected obligations that had been validly incurred under the accrual rules.
- The certifications were materially compliant with the federal requirements at the time they were made.

Ms. Layne also documented that the USDA administrator whose testimony anchored the Government's trial theory conceded that she had never read the controlling regulations and that she understood the rules as requiring that "the money has to be spent" before reimbursement—i.e., a cash-basis standard inconsistent with the mandates of the regulations and OMB guidance. 20-cv-170

Dkt. 17 at 6–7. The Government has never produced a counter-expert, never factually disputed that accrual accounting was required, and never substantively rebutted Ms. Layne's analysis.

If Brown's certifications complied with the correct regulatory standard, then the core element of 18 U.S.C. § 1001—"false" statement—was not met when the forms were submitted. That is not a technical defect or evidentiary nuance; it is actual innocence: under the law properly understood, the conduct charged did not constitute the crime of conviction.

3. Physical proof of Brady violation and ineffective assistance

Brown has produced correspondence from Senator Jeanne Shaheen's office dated April 19, 2012, to USDA, advocating on behalf of Brown and the nonprofit she led, in direct tension with the Government's trial narrative that Brown concealed problems and acted with fraudulent intent. Dkt. 175-4.  This letter, along with Brown's January 22, 2013 letter to USDA official David Robinson explicitly attaching the Shaheen letter, and correspondence from Attorney Peter Malia, appears in USDA-OIG investigative files and bears USDA Bates numbers. Dkts. 175-4, 175-5, 191-1.

The Bates numbering provides objective, physical proof that:

- The documents were in Government custody during the investigation and prosecution.

- They were processed through the Government's discovery system.

- They came from the Government's own investigative files.

Brown discovered the Shaheen letter prior to trial and told her trial counsel about it, but counsel refused to investigate, authenticate, or present the documents to the jury. Coram nobis petition Ex. A (Dkt. 174-1).  The Government, despite possessing Bates-stamped versions within USDA-OIG, never used them to correct trial testimony or to disclose the full context of Brown's good-faith efforts. Dkts. 175-4, 175-5, 191-1.

This is a textbook Brady scenario aggravated by ineffective assistance: exculpatory and impeaching evidence in Government files was not meaningfully used to correct the record; and counsel, alerted by the defendant, failed to act.

4. No genuine factual dispute remains

The Government's objection to coram nobis does not contest the existence of the USDA discrimination determination, does not dispute that the regulations required accrual accounting, does not rebut Ms. Layne's expert analysis, and does not deny that the Shaheen/Robinson/Malia correspondence bears USDA Bates numbers. The Government's principal position is instead that the discrimination determination is "irrelevant" and that Brown "still made false statements," a purely legal assertion made in the face of unrebutted expert evidence to the contrary. Dkt. 182 at 4.

In other words, the material facts are either admitted or demonstrated by the record; the dispute is over the legal consequences of those facts. That posture makes this case particularly suited to direct appellate relief where further fact-finding would serve no meaningful purpose.

B. Further district court proceedings are futile and will only delay justice

1. Express prejudgment: no "complexity or potential merit"

The district court's November 24, 2025 endorsed order states that Brown "misunderstood the court's offer of oral argument," and that the offer "was offered in light of her status as a self-represented litigant, to ensure that she had every opportunity to be heard if she wished, and not as any sort of recognition of the complexity or potential merit of her claims." Dkt. 188 (emphasis added).

By declaring in advance that Brown's coram nobis claims—rooted in government-admitted discrimination, unrebutted expert evidence of regulatory compliance (no false statement), and Bates-supported Brady issues involving a now-sitting judge of this Court—do not reflect "complexity or

potential merit," the court has effectively prejudged the merits before hearing full argument or developing a complete Brady/authentication record.

2. The court's "misunderstanding" explanation is not credible in context

This Court has described successful coram nobis petitions as "hen's-teeth rare." *United States v. George,* 676 F.3d 249, 254 (1st Cir. 2012). In practice, most coram nobis petitions are decided on the papers without oral argument. When a district court affirmatively offers oral argument in such a case—soliciting the parties' views on whether it should hold argument or rule on written submissions—it signals that the issues warrant special attention, whether due to complexity, potential merit, or both.

Here, the docket (Dkt. 182-1) shows that on October 22, 2025, the case manager emailed counsel and Brown asking whether they "want oral argument held" or prefer a written ruling. Only after denying reconsideration of counsel and denying expert funds did the court retroactively characterize oral argument as a mere "courtesy" to a pro se litigant, coupled with the statement that it reflects no recognition of complexity or potential merit. Dkts. 180, 186, 188. That sequence reasonably appears designed to minimize the significance of the offer once it became clear that Brown would appear alone, without the resources needed to argue effectively.

3. Pattern of rapid denials and a "Catch-22"

The November 24 order sits within a pattern:

- On November 21, 2025, the district court denied Brown's motion for reconsideration of the denial of counsel on the very day the Government filed a minimal objection, without waiting for Brown's reply and without addressing the multiple "changed circumstances" she identified (including the court's offer of oral argument, Bates-stamped Shaheen materials, and the unique

ethical complexities of litigating Brady allegations involving a now-sitting judge of this Court).

Dkts. 181, 182, 183.

- On November 22, 2025, the court denied Brown's motion for expert funds one day after filing, stating that "oral argument is not an opportunity for Brown to introduce evidence that could and should have been submitted with her filings" and that it is not an opportunity to raise new issues. Dkt. 186 (endorsed 11/22/25). Yet Brown cannot submit updated expert analysis without the very funds the court refused to authorize.

- On November 24, 2025, the court both took Brown's emergency continuance motion "under advisement" and announced that it does not recognize complexity or potential merit in her claims, while inappropriately speculating that the USAO would likely not object to the court's consideration of the Shaheen letter "much less an objection based on authenticity." Dkt. 188.

This combination denies Brown the tools (counsel, expert assistance, proper authentication) and then uses that lack as a reason to treat her claims as simple and meritless.

4. December 2–3 events confirm that the record will not be fairly developed below

On November 21, 2025, Brown filed a "Motion to Compel Authentication of Government-Produced Discovery or, in the Alternative, for Government Stipulation to Authenticity," seeking formal authentication and clarity regarding the Bates-stamped Shaheen/Robinson/Malia packet and its USDA-OIG provenance. Dkt. 187. The court ordered the Government to respond by December 2, 2025. Dkt. 188.

The Government's December 2 response conceded that it "concurs in the authenticity" of the April 19, 2012 Shaheen letter, but refused to assent to Brown's description of the related correspondence, Bates sequence, and OIG-file provenance. Dkt. 190. On December 3, 2025, the Government filed a Notice of Correction acknowledging that its previous description of Brown's January 22, 2013 letter—claiming it did not refer to Senator Shaheen or the substance of the April 19

letter—was wrong, and admitting that the letter in fact states: "I have attached the April 19, 2012 letter submitted to NIFA by Sen. Jeanne Shaheen on our behalf." Dkt. 192.

That same day, the district court issued a Summary Order declaring Brown's authentication motion "moot" because the Government does "not dispute the authenticity of the letter at issue," vacating its earlier continuance, and reinstating oral argument for December 9, 2025 at 2:00 p.m. Dkt. 193. The order does not address Bates sequencing, USDA-OIG processing, investigative-file provenance, or apparent prosecutorial misconduct, and it reinstates a merits hearing on six days' notice with Brown still pro se, without expert funds, and without a complete Brady record.

Further district court proceedings under these conditions will not illuminate the truth; they will merely generate a record that rationalizes the denial of relief that has already been signaled.

C. Legal basis for direct relief

The Supreme Court has made clear that coram nobis is an "extraordinary" remedy, available where "circumstances compel such action to achieve justice" and where an "error of the most fundamental character" renders a proceeding irregular and invalid. *United States v. Morgan*, 346 U.S. 502, 511–12 (1954). Subsequent decisions, including *United States v. Denedo*, 556 U.S. 904 (2009), recognize that coram nobis remains available to vacate convictions where no other remedy exists and the record shows a fundamental defect.

In this case:

- The unrebutted expert evidence shows that no false statement occurred under the governing regulatory framework;
- The Government has formally admitted discrimination by the "victim" agency;
- Physical Bates-stamped evidence establishes Government possession of exculpatory materials;
- Trial counsel failed to act on those materials even when Brown flagged them; and
- The district court has signaled prejudgment and has refused to provide the basic tools needed to litigate these issues fairly.

Those are precisely the "compelling circumstances" that justify direct action by this Court under 28 U.S.C. § 1651(a), rather than remand to a forum that has already revealed its inability or unwillingness to take these claims seriously.

D. Human and systemic costs of delay

Brown has lived under this conviction for nearly nine years, including time in maximum security custody (ostensibly the "trial penalty") and years of severe collateral consequences: restitution payments to the very agency that discriminated against her, liens on property, professional exclusions, travel bans, and enduring reputational harm in her rural community. Her son has grown from a 13-year-old to a Cornell University graduate and professional agriculturalist under the shadow of a conviction that the current record shows should never have been entered; her adult daughter lives abroad as a legal/permanent resident in a country (Spain) Brown cannot visit.

Every additional day spent in further district court proceedings will not change the existing evidence—USDA's discrimination determination, the expert analysis, the Bates-stamped packet, and the Government's own corrections and concessions—but it will prolong the stigma and constraints imposed by a conviction that legal and factual reality do not support.

Given this record, direct coram nobis / coram vobis relief is warranted

## III. FIRST ALTERNATIVE RELIEF: REASSIGNMENT TO NEW JUDICIAL OFFICER

If this Court declines to grant direct coram nobis / coram vobis relief, Petitioner respectfully requests that it remand to the Chief Judge of the District of New Hampshire with instructions to reassign the coram nobis proceedings to a different district judge in order to preserve the appearance of impartiality under 28 U.S.C. § 455(a).

### A. Objective standard for recusal and reassignment

Section 455(a) requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." The test is objective: whether a reasonable person, fully informed of the facts, would harbor doubts about the judge's impartiality. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860–64 (1988); *United States v. Londono*, 100 F.3d 236, 240–42 (1st Cir. 1996).

This Court may order reassignment on remand even without a formal finding of actual bias where doing so is necessary to maintain public confidence in the judiciary. *Liljeberg*, 486 U.S. at 864; *Londono*, 100 F.3d at 242.

## B. November 24 order and pattern of rulings create an appearance of prejudgment

1. Explicit disclaimer of "complexity or potential merit"

The November 24, 2025 endorsed order states that Brown "misunderstood the court's offer of oral argument," which "was offered in light of her status as a self-represented litigant … and not as any sort of recognition of the complexity or potential merit of her claims." Dkt. 188 (emphasis added).

To a reasonable observer, this reads as an admission that the court has already concluded that claims involving:

- A formal discrimination finding by the "victim" agency;

- Unrebutted expert evidence that the conduct did not violate the governing regulations;

- Bates-stamped, Government-possessed exculpatory evidence; and

- Alleged Brady violations by a prosecutor now serving as a judge of this Court,

do not have "complexity or potential merit" even before full argument and record development. That is prejudgment in substance, even if the court does not use that label.

2. Minimizing oral argument as "courtesy" contradicts context

The record shows that on October 22, 2025, the case manager wrote asking whether the parties "want oral argument held" or prefer a written ruling. Oral argument in coram nobis proceedings is unusual; this Court has described successful coram nobis as "hen's-teeth rare." United States v. George, 676 F.3d 249, 254 (1st Cir. 2012). When a district judge affirmatively offers argument in such a case, it ordinarily reflects recognition that the issues warrant special attention.

Only after denying reconsideration of counsel, denying expert funds, and facing a pro se litigant at a complex argument did the court recast oral argument as a mere courtesy to a self-represented party, denying that it signaled any recognition of complexity or merit. Dkts. 180, 186, 188.  This retroactive reframing reasonably appears defensive and undermines confidence that the court is approaching Brown's claims with an open mind.

3.  Dismissal of authentication concerns shows unwillingness to confront Brady issues

In the same November 24 order, the district court brushed aside Brown's concerns about authenticating and clarifying the provenance of the Bates-stamped Shaheen/Robinson/Malia packet, inappropriately presupposing (with the appearance of "leading" the Government) that the court "strongly doubts that the USAO will raise any sort of objection to the court's consideration of the letter in question, much less an objection based on authenticity." Dkt. 188.

That speculation is troubling where:

- The evidence at issue goes to alleged Brady violations by a prosecutor who is now a judge of this Court;

- Proper authentication and record-building are essential both for professional standards and appellate review; and

- The Government in fact filed a response that conceded only limited authenticity and then had to correct a misstatement about Brown's January 22, 2013 letter via a Notice of Correction. Dkts. 190, 192.

A reasonable observer could conclude that the court is minimizing serious Brady and provenance questions in order to influence and maintain a narrow, Government-favored view of the record.

## C. Prior recusal motion and the Aframe factor

Brown previously moved for Judge Laplante's recusal, raising bias concerns and that the court appeared to be insulating then-AUSA's conduct from scrutiny. Dkt. 161; Dkt. 164 (denying recusal). That prosecutor is now Judge Aframe of this Court.

In December 2021, while still represented by CJA counsel, Ms. Brown submitted a sworn certification and affidavit alleging that the undersigned judge's handling of her § 2255 case reflected bias and a fixed view of her guilt, and moved for his recusal or disqualification under § 455. That motion was denied May 10, 2022 (20-cv-00170 Dkt. 45) while Brown was incarcerated and incapable of responding due to prison COVID-related lockdown conditions and dysfunctional computing systems (rodent damage to computer systems wiring).

When Brown again raised those concerns at the July 22, 2024 hearing (Dkt. 147) on early termination of supervision, the judge brought up her prior complaints himself and asked her, in substance, whether she thought he could still be fair. When she answered that she did not and expressly requested that he recuse, he declined to step aside and proceeded to rule, after stating on the record that he was "inclined to deny" relief based solely on restitution despite acknowledging that all of the other § 3583(e) factors favored termination. A reasonable observer, aware that (1) Ms. Brown had already accused the judge of bias in 2021, (2) those allegations were never adjudicated on the merits, and (3) in 2024 the judge personally confronted the allegation—"Do you think I can be fair?"—and then refused to

recuse after she said no, would "reasonably question" his continued impartiality within the meaning of §

455(a).

The combination of:

- A Brady claim focused on a now-sitting circuit judge's prosecutorial role;

- A prior unsuccessful recusal motion raising collegiality and appearance concerns; and

- The district judge's current posture (denial of resources, dismissive language about

   complexity/merit),

would lead a reasonable person to question whether continued proceedings before the same judge can be

perceived as impartial.

**D. December 3 "mootness" ruling reinforces the appearance problem**

After Brown filed her motion to compel authentication (Dkt. 187), and the Government

responded with a limited concession and then a Notice of Correction (Dkts. 190, 192), the district court

denied the motion as "moot" because the Government "does not dispute the authenticity of the letter at

issue," vacated its earlier continuance, and reinstated the December 9 argument. Dkt. 193.

The order does not address:

- The full Bates sequence;

- USDA-OIG processing; or

- The Government's handling of the packet in discovery.

By treating a narrow authenticity concession and a corrected misstatement as rendering the entire

authentication motion "moot," while pushing ahead to a pro se argument on six days' notice, the court

again appears to truncate issues that directly implicate Brady violations by a now-sitting judge of this Court.

E. Law enforcement inclusion in Court orders

The court's December 3, 2025, order reinstating oral argument did more than correct its own scheduling error; it directed that the U.S. Probation Office and the U.S. Marshals Service be copied on what was purely a briefing and argument notice in a closed case. For a defendant who has already endured traumatic wrongful and discriminatory incarceration on this very conviction, the inclusion of Probation and the Marshals in routine coram nobis scheduling was objectively unnecessary and, at best, profoundly insensitive; at worst, it carried an implied threat of renewed custody that was reasonably interpreted as anxiety-provoking and chilling in light of her history with this court and the Government.

Brown is well aware that coram nobis proceedings are contingent on the petitioner being no longer in custody and that the Court would at this point likely not hesitate, colluding with the Government, to terminate this proceeding with further retaliation and discrimination in the form of new false charges.

**F. Reassignment is necessary to preserve public confidence**

Viewed cumulatively—the explicit denial of "complexity or potential merit," the pattern of rapid, thinly explained denials of counsel and expert funding, the speculative dismissal of authentication concerns, the prior recusal litigation, and the December 3 mootness ruling—a reasonable observer would doubt that Brown can receive the neutral, fully informed consideration her claims require from this particular judge.

Reassignment to a different district judge on remand would not imply a finding of actual bad faith. It would simply ensure that the serious issues of actual innocence, discrimination, Brady, and

judicial structure are evaluated by a court whose impartiality "cannot reasonably be questioned." *Liljeberg*, 486 U.S. at 864.

Accordingly, if this Court does not grant direct coram nobis / coram vobis relief, it should remand with instructions that the coram nobis petition be reassigned to a new judicial officer.

---

## IV. SECOND ALTERNATIVE RELIEF: MANDAMUS TO ENSURE FAIR PROCEEDINGS

If this Court declines both direct relief and immediate reassignment, it should exercise its supervisory and mandamus authority to prevent fundamentally unfair proceedings on December 9, 2025, and thereafter. At a minimum, the Court should direct the district court to: (1) appoint counsel; (2) authorize expert funds; (3) require full authentication and provenance of the Shaheen/Robinson/Malia packet; and (4) stay the December 9 argument until those steps are completed. Dkt. 193.

### A. Mandamus standard

Mandamus is appropriate where: (1) the petitioner has no other adequate means to attain the desired relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the writ is appropriate under the circumstances. *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1010 (1st Cir. 1988).

Brown has no adequate alternative: forcing her to argue pro se on December 9 without counsel, expert support, or a complete Brady record will produce a skewed record that cannot be fixed on later appeal.

### B. Appointment of counsel and expert funds

1. Complexity and stakes require counsel

The issues in Brown's case—federal grant accounting under multiple regulations, interplay of discrimination findings with criminal liability, Brady and *Strickland* doctrines, recusal rules when the alleged Brady violator is now a judge of this Court, and post-*Loper Bright* agency-interpretation questions—are complex.

Brown was originally found financially eligible for appointed counsel in the criminal case and has since proceeded pro se only because the district court has denied her renewed requests for CJA appointment in the coram nobis proceeding. Dkts. 7, 25, 52, 176, 180. Given the technical and structural nature of her current claims, expecting a pro se litigant to present them effectively at an oral argument that may determine the course of all further relief is inconsistent with the "interests of justice" standard for appointment under 18 U.S.C. § 3006A and this Court's CJA Plan.

2. Expert funds are reasonably necessary for a fair presentation

Brown's motion for expert funds sought authority to engage Ms. Layne (or a similarly qualified specialist) to update and contextualize her previous analysis in light of:

- USDA's discrimination determination;

- The Government's argument that discrimination is "irrelevant"; and

- Recent Supreme Court authority clarifying that courts, not agencies, must interpret ambiguous regulations.

The district court denied that motion in a summary endorsed order stating that oral argument is not a venue to introduce new evidence. Dkt. 186. But Brown needs expert assistance, not to ambush the Government with new facts from the podium, but to explain, in a professionally grounded way, why the

existing and now strengthened record proves that her certifications complied with the regulations and why USDA's discrimination finding and the Shaheen correspondence matter to falsity and intent.

Without expert assistance, Brown cannot realistically respond to the Government's assertion that she "still" made false statements, particularly when that assertion is divorced from renewed expert analysis of the regulatory framework.

3. Mandamus is warranted to correct these denials

In these circumstances, denying both counsel and expert funds while insisting that Brown argue alone on December 9 is an abuse of discretion and creates a record that does not reflect a genuinely adversarial testing of her claims. Mandamus should issue directing the district court to appoint CJA counsel and authorize reasonably necessary expert funds under 18 U.S.C. § 3006A(e), and to reschedule any merits hearing until those resources are in place.

C. Authentication and Brady record

As described above, Brown's motion to compel authentication sought clarity not only on the "authenticity" of the Shaheen letter in isolation but also on the Bates sequence, USDA-OIG processing, provenance, and surrounding Government (mis)conduct of the entire packet of Shaheen/Robinson/Malia correspondence. Dkt. 187.

The Government's December 2 response conceded authenticity only as to the Shaheen letter, declined to admit the broader provenance described by Brown, and made a misstatement about Brown's January 22, 2013 letter that it had to correct the next day. Dkts. 190, 192.  The December 3 Summary Order, however, treated the limited authenticity concession as mooting the entire motion and reinstated the December 9 argument. Dkt. 193.

A complete and reliable Brady record in this unusual context requires:

- Clear identification of when USDA-OIG received and processed the Shaheen/Robinson/Malia materials;
- Clarification of how those materials were handled in discovery; and
- A record basis for assessing whether the Government's discovery and trial conduct satisfied its constitutional obligations given that the prosecutor responsible is now a judge of this Court.

Those questions cannot be resolved through inappropriate and biased speculation that the USAO "strongly" will not object, nor through a truncated "mootness" ruling based on a narrow concession and a corrected misstatement.

Mandamus should therefore direct the district court to:

- Require full authentication and provenance disclosures regarding the Bates-stamped Shaheen/Robinson/Malia packet; and
- Conduct any further necessary fact-finding (including, if appropriate, an evidentiary hearing) before ruling on the coram nobis petition.

D. Stay of the December 9 argument

Finally, a temporary stay of the December 9, 2025 argument is necessary to prevent irreparable harm.

Without a stay:

- Brown will be forced to argue, alone, in five days, a complex mix of accounting, discrimination, Brady, and recusal issues;
- She will do so without the expert assistance needed to explain why the Government's cash-basis theory fails even worse in light of new evidence;
- The Brady record will remain incomplete; and

- The argument will proceed before a judge who has already declared that he does not recognize "complexity or potential merit" in her claims.

No later appeal can undo the harm of a pro se argument conducted under those conditions, nor can it easily reconstruct the record that a properly resourced hearing would have created.

By contrast, a modest stay—long enough for this Court to rule on Brown's mandamus petition, her motion for CJA appointment, and any resulting appointment of counsel and expert—will not materially prejudice the Government in a case nearly a decade old, particularly where USDA has already admitted discrimination and the Government has had to correct its own misstatement about critical evidence.

For these reasons, if the Court does not grant direct relief or order reassignment, it should issue a writ of mandamus directing the district court to appoint counsel, authorize expert funds, complete the authentication/Brady record, and stay the December 9 argument until those steps are completed.

## V. JURISDICTION AND VENUE

This Court has jurisdiction over this mandamus petition under the All Writs Act, 28 U.S.C. § 1651(a), which authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The petition seeks relief in aid of this Court's prospective appellate jurisdiction over any final order disposing of Brown's petition for writ of error coram nobis in *United States v. Brown*, No. 1:16-cr-00021-JL-1 (D.N.H.).

Venue is proper in this Court because the underlying criminal case and coram nobis proceeding are pending in the District of New Hampshire, which is within the First Circuit. 28 U.S.C. § 1294(1).

## VI. STANDARD FOR MANDAMUS RELIEF

Mandamus is an "extraordinary remedy," only available where the petitioner (1) has no other adequate means to attain relief; (2) demonstrates a clear and indisputable right to issuance of the writ; and (3) shows that issuance of the writ is appropriate under the circumstances. *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1010 (1st Cir. 1988).

Brown has no adequate alternative because allowing the December 9, 2025 hearing to proceed with her pro se, without counsel, without expert assistance, and without a fully developed Brady/authentication record will create an unbalanced record that cannot be repaired later.

Her right to meaningful consideration of serious claims of actual innocence, government-admitted discrimination, and Brady violations is clear; and the circumstances—including the involvement of a now-sitting circuit judge as the challenged prosecutor—make this an appropriate case for exercise of this Court's supervisory and mandamus authority.

## VII. ARGUMENT (SUMMARY)

For the reasons set out above:

- The record, including USDA's discrimination determination, unrebutted expert analysis, and physical proof of Brady violations, establishes actual innocence and fundamental constitutional error.

- The district court's November 24 order expressly disclaims any recognition of "complexity or potential merit" in Brown's claims, while its pattern of rulings demonstrates a refusal to provide the basic tools needed to litigate them fairly. Dkts. 180, 186, 188.

- The December 2–3 filings and orders show that, even when the Government misstates the content of key correspondence and then corrects itself, the district court treats partial concessions as rendering Brown's authentication motion "moot" and pushes forward to a pro se argument on six days' notice. Dkts. 190, 192, 193.

23

Under *Morgan, Denedo*, and this Court's own precedents, these circumstances satisfy the requirements for extraordinary relief.

## IX. EXPEDITION REQUEST

Given that oral argument in the district court is currently scheduled for December 9, 2025, at 2:00 p.m. (Dkt. 193), Petitioner respectfully requests expedited consideration of this petition and of her accompanying motion to stay.

Absent prompt action, Brown will be forced to proceed to that hearing pro se, without counsel, without expert support, and without a complete Brady record, before a judge who has already stated that he does not regard her claims as complex or potentially meritorious. Dkt. 188. That constitutes irreparable harm because no subsequent appeal can reconstruct the record that would have been developed with counsel, an expert, and a fully authenticated evidentiary foundation.

Expedited resolution of this petition will not prejudice the Government in a nine-year-old case, particularly where USDA has already acknowledged discrimination against Brown and the Government only recently corrected its "misstatement" about key correspondence. Dkt. 174-4; Dkt. 192.

---

## X. REQUEST FOR ORAL ARGUMENT

Petitioner respectfully requests oral argument on this emergency petition.

Under Federal Rule of Appellate Procedure 34(a)(1), any party may file "a statement explaining why oral argument should, or need not, be permitted," and oral argument must be allowed unless a unanimous panel concludes that (1) the appeal or petition is frivolous, (2) the dispositive issues have been authoritatively decided, or (3) "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." FRAP 34(a)(2). The First Circuit's Local Rules incorporate FRAP 34 and provide that cases will be placed on the oral argument calendar when the panel determines that argument will assist the decisional process. 1st Cir. R. 34.0–34.1; First Circuit Rulebook at 71–74.

Oral argument would significantly aid the Court here because:

- The petition presents a complex intersection of federal grant-accounting regulations (accrual vs. cash basis), a formal USDA discrimination determination, Brady and *Strickland* issues involving a prosecutor who is now a judge of this Court, and structural recusal concerns, all in the context of a request for extraordinary relief.

- The district court has denied counsel and expert funds while stating that its offer of oral argument "was offered in light of her status as a self-represented litigant … and not as any sort of recognition of the complexity or potential merit of her claims," yet has reinstated oral argument for December 9, 2025. Dkts. 180, 186, 188, 193.

- The issues implicate not only Brown's liberty and reputation but also public confidence in the handling of allegations of discrimination and Brady violations when the alleged violator sits on this Court.

## VIII. PRAYER FOR RELIEF

Petitioner respectfully requests that this Court grant the following relief:

1. Primary relief – direct coram nobis / coram vobis.

   Issue a writ of coram nobis or coram vobis under 28 U.S.C. § 1651(a), vacating Brown's conviction under 18 U.S.C. § 1001 and remanding with instructions to enter an order exonerating her supplemented with all other requested relief, on the grounds that: (a) unrebutted expert evidence shows her certifications complied with the governing regulations and therefore no false statement occurred; (b) USDA has admitted discrimination against her in connection with the same grants; and (c) the Government possessed and failed to use Bates-stamped exculpatory materials while trial counsel, alerted by Brown, failed to investigate or present them.

2. First alternative – reassignment.

   If the Court declines to grant direct relief, remand to the Chief Judge of the District of New

Hampshire with instructions that Brown's coram nobis petition (Dkt. 174) be reassigned to a different district judge, in order to preserve the appearance of impartiality in light of: (a) the November 24, 2025 order expressly stating that the offer of oral argument does not reflect recognition of "complexity or potential merit" in Brown's claims; (b) the pattern of rapid, minimally explained denials of counsel and expert funds; (c) the dismissal of authentication concerns in a case involving alleged Brady violations by a prosecutor now serving on this Court; and (d) the prior recusal motion and denial. Dkts. 161, 164, 180, 186, 188.

3. Second alternative – mandamus directives.

If the Court declines both direct relief and reassignment, issue a writ of mandamus directing the district court to:

a. Appoint counsel under the Criminal Justice Act to represent Brown in the coram nobis proceedings, consistent with 18 U.S.C. § 3006A and this Court's CJA Plan, in light of the complexity and significance of the issues and Brown's inability to present them effectively pro se.

b. Authorize reasonably necessary expert funds under 18 U.S.C. § 3006A(e) so that Brown's expert can fully explain the regulatory framework, the significance of USDA's discrimination finding, and the import of the Shaheen/Robinson/Malia correspondence to falsity and intent.

c. Require full authentication and provenance disclosures regarding the Bates-stamped Shaheen/Robinson/Malia packet, including USDA-OIG processing and discovery handling, and conduct any necessary further fact-finding to resolve Brady claims on a complete record. Dkts. 175-4, 175-5, 187, 190, 191-1, 192.

d. Stay the December 9, 2025 oral argument in *United States v. Brown*, No. 1:16-cr-00021-JL-1, and any further merits hearing on the coram nobis petition, until counsel has been appointed, expert funds have been authorized, and the Brady/authentication record has been completed. Dkt. 193.

4. Request to amend if counsel is appointed.

   Petitioner is filing simultaneously a separate motion under the Criminal Justice Act requesting appointment of attorney Inga L. Parsons as CJA counsel for this proceeding. In the event the Court grants that motion, Petitioner respectfully requests leave for appointed counsel to file an amended or supplemental mandamus petition, and any additional supporting materials, within a reasonable time set by this Court, so that counsel can refine the issues, update citations to the record and governing authorities, and address any questions the Court may identify in its initial review.

Petitioner further requests such other relief as this Court deems just and proper.

Date: December 4, 2025                    Respectfully Submitted,

                                          _/s/ Suzanne Brown_
                                          114 Lake Umbagog
                                          P.O. Box 253
                                          Errol, NH 03579
                                          (603) 828-4860
                                          greatnorthwoodsfarm@gmail.com

### **Certificate of Service**

   I hereby certify that on this day of December 4, 2025, a copy of the above motion was served on Acting United States Attorney Erin Creegan; and notice provided to the New Hampshire District Court via ECF.