UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

**United States of America**

      v.                                            Civil No.  16-cr-21-JL

**Suzanne Brown**

**O R D E R**

Before the court is defendant-petitioner Suzanne Brown's motion that the undersigned judge recuse himself from the proceedings regarding the petition for coram nobis relief.

In January 2017, Suzanne Brown was convicted by jury verdict on 12 counts of making materially false statements to the United States Department of Agriculture ("USDA") in violation of 18 U.S.C. § 1001(a)(2). After an unsuccessful appeal, *United States v. Brown*, 945 F.3d 597 (1st Cir. 2019); an unsuccessful petition under 28 U.S.C. § 2255, *Brown v. United States*, 20-cv-170-JL (D.N.H. judgment entered Feb. 17, 2021) (appeal dismissed); and an unsuccessful petition under 28 U.S.C. § 2241, affirmed on appeal, *Brown v. Penders*, 101 F.4th 944 (1st Cir. 2024), Brown, representing herself, filed a petition for a writ of error coram nobis.[1] The court has subject matter jurisdiction to decide Brown's petition under the All Writs Act, 28 U.S.C. § 1951, as an extension of the subject matter jurisdiction in this criminal case. *United States v. Denedo*, 556 U.S. 904, 911-13 (2009); *United States v. George*, 676 F.3d 249, 253 (1st Cir. 2012).

At oral argument on Brown's coram nobis petition held on December 9, 2025, Brown orally moved for recusal of the undersigned judge, and she then moved to amend her recusal

---

[1] *Brown*, 16-cr-21, doc. nos. 150 & 151.

motion, seeking recusal pursuant to 28 U.S.C. § 455.[2] The government objects to recusal.[3] Brown's prior recusal motion in a related proceeding was denied.[4] For the reasons that follow, the court again denies Brown's motion to recuse.

## I. Preliminary procedural matters

The court grants Brown's motion to amend her oral motion for recusal.[5] The court now considers Brown's oral motion made in court on December 9, 2025, and her amended motion in support of her request for recusal.

In her motion to amend, Brown requested an evidentiary hearing to address matters related to the recusal motion she filed in 2021 in her habeas corpus proceeding under § 2255. That motion was denied.  As discussed below, Brown provides no grounds to reconsider that decision. As a result, she offers no reason for an evidentiary hearing on the motion for recusal.

Brown filed a reply to the government's objection to her motion for recusal and attached two exhibits to the reply that are titled as motions.[6] For the court to consider a request for relief, a party must file a motion, which she has done many times, but did not do so here. LR 7.1(a)(1). She provides no explanation for attaching the "motion" exhibits to her reply.

Even if the motion exhibits had been properly filed rather than appended to Brown's reply, the court would deny the relief sought. In her reply, Brown asks for an evidentiary hearing on her recusal motion, relying on a statement in the government's objection and her discussion with the court during the December 9, 2025 oral argument. Brown appears to misunderstand

---

[2] *Id.*, doc. no. 198.

[3] *Id., d*oc. no. 200.

[4] *Brown*, 20-cv-170, doc. no. 45. Brown also sought disqualification of the undersigned judge through a writ of mandamus to the First Circuit Court of Appeals, which was denied. *Brown*, 16-cr-21, doc. no. 197.

[5] *Brown*, 16-cr-21, doc. no. 198.

[6] *Id.*, at doc. no. 201.

both. While Brown was free to submit evidence in support of her motion, she chose not to do so. That choice does not now require an evidentiary hearing. At the end of its objection, the government requested an evidentiary hearing "[i]n the event the Court concludes any of defendant's factual allegations [in her motion] are not otherwise foreclosed."[7] An evidentiary hearing is unnecessary to resolve the issues raised in Brown's recusal motion, which the court denies for the following reasons.

## II. **Standard of review**

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b)(1) requires a judge to disqualify himself if he has a "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). "The showing that [Brown] must make to prevail on this argument is formidable." *United States v. Medoff*, 159 F.4th 107, 122 (1st Cir. 2025).

"[A] judge considering a motion to recuse must ask whether 'the facts asserted provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality.'"[8] *Id.* (quoting *In re Boston's Children First*, 244 F.3d 164,

---

[7] *Id.*, doc. no. 200, at 9.

[8] As a clarification, this case does not raise the recusal issues addressed in *Halliday v. United States*, 380 F.2d 270 (1st Cir. 1967), where a petitioner in a habeas corpus proceeding under 28 U.S.C. § 2255 challenged the sentencing judge's findings pertaining to his guilty plea during a Federal Rule of Criminal Procedure 11 hearing. *See Panzardi-Alvarez v. United States*, 879 F.2d 975, 985 (1st Cir. 1989). The recommendation that the judge recuse in *Halliday* is limited to the specific circumstances presented in that case. *Id.*; *see also McCormack v. Grondolsky*, No. 14-cv-10, 2015 WL 717958, at *4 (D. Mass. Feb. 19, 2015). This is a coram nobis proceeding; Brown did not plead guilty; and the grounds Brown raises for coram nobis relief do not challenge the undersigned judge's prior factual findings. *See* doc. nos. 150, 151, 174, 175, 176, & 179. The *Halliday* recommendation does not apply here.

167 (1st Cir. 2001)) (further internal quotation marks omitted). "[A]s the Supreme Court explained in *Liteky*, 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion,' and instead '[a]lmost invariably, [such rulings] are proper grounds for appeal, not for recusal.'" *Medoff*, 159 F.4th at 123 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). "[A] judge's opinions that are . . . premised on 'facts introduced or events occurring in the course of the current proceedings, or of prior proceedings,' and not on a source outside of judicial proceedings (known as an 'extrajudicial source'), 'do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Id.* (quoting *Liteky,* 510 U.S. at 555). In addition, "judicial remarks 'that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a [section 455(a)] bias or partiality challenge.'" *Id.* (quoting *Liteky*, 510 U.S. at 555); *see also id.* n.8.

In summary, the recusal "decision must reflect *not only* the need to secure public confidence through proceedings that appear impartial, *but also* the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." *In re Bulger*, 710 F.3d 42, 47 (1st Cir. 2013) (internal quotation marks omitted); *see also Philips Med. Sys. (Cleveland), Inc. v. Quinn*, Nos. 87-cv-2828 & 89-cv-2508, 2025 WL 2306582, at *2 (D. Mass. Aug. 11, 2025); *United States v. Medoff*, 766 F. Supp. 3d 153, 163 (D. Mass. 2025); *Gladu v. Magnusson*, No. 22-cv-134, 2024 WL 3283170, at *1 (D. Me. June 7, 2024); *Barnard v. United States*, No. 23-cv-257, 2024 WL 474541, at *3 (D. Me. Feb. 7, 2024).

### III. Background

#### A. Criminal proceedings

Brown operated a nonprofit organization, the New Hampshire Institute of Agriculture and Forestry, in northern New Hampshire, and she received Rural Business Enterprise grants from the USDA to pay contractors who worked for her organization. *Brown*, 945 F.3d at 599. Although Brown represented that she made payments to the contractors, Brown did not pay them. *Id.* Based on those circumstances, she was indicted on February 10, 2016, on 12 counts of making a false statement to a federal agency, the USDA. *Id.* at 600. Counsel was appointed to represent her.[9] She was convicted by a jury on January 26, 2017. *Id.*

"After the verdict [but before sentencing], Brown brought multiple challenges to her convictions, including that she had received ineffective assistance of counsel at trial." *Id.* The undersigned judge held hearings on Brown's motion for a new trial, appointed new counsel to represent her during the post trial proceedings, and also allowed Brown to file a memorandum pro se.[10] When Brown's appointed counsel withdrew, the court appointed new counsel, and then Brown again desired new counsel due to a disagreement with counsel, which was resolved so that appointed counsel remained.[11] During the final hearing on Brown's challenges, the court denied Brown's presentencing motions without prejudice to filing a habeas corpus petition under 28 U.S.C. § 2255.[12]

The court sentenced Brown on June 15, 2018, to 12 months of imprisonment to be followed by two years of supervised release and ordered her to pay $81,195.00 in restitution to

---

[9] *Brown*, 16-cr-21, doc. no. 5.
[10] *Brown*, 20-cv-170, doc. no. 13, at 2.
[11] *Brown*, 16-cr-21, doc. no. 78 (withdrawn on March 9, 2018).
[12] *Id.*. doc. no. 104, at 22.

the USDA.[13] She appealed her convictions, primarily arguing that her convictions were not

supported by sufficient evidence. *See Brown*, 945 F.3d at 600-602.   This court granted Brown

bail pending appeal. The First Circuit Court of Appeals affirmed her convictions. *Id.* at 606.

### B. <u>Habeas corpus proceedings</u>

Representing herself, Brown filed a petition for a writ of habeas corpus under 28 U.S.C.

§ 2255 on January 28, 2020.[14] The court appointed counsel to represent her, and counsel filed an

amended petition.[15] The amended petition challenged the convictions based on claims of

ineffective assistance of counsel, and in particular, that defense counsel failed to realize and

present argument and evidence, including an accounting expert witness, on USDA regulatory

materials and the difference between cash-based and accrual-based accounting.[16] The court

approved funds to hire an accounting expert to address the accounting and USDA regulatory

issues raised in the amended petition.[17] The court held an evidentiary hearing, which extended

over two days in September 2020 and an additional day in February 2021, and heard testimony

from an accounting expert witness on Brown's behalf.[18]  At the conclusion of the third day of the

hearing, the court denied the petition in an oral order and also declined to issue a certificate of

appealability.[19]

Through counsel, Brown moved to amend the judgment, arguing that the court erred in

concluding that she had not shown ineffective assistance of counsel due to defense counsel's

---

[13] *Id.,* doc. no. 95.

[14] *Brown*, 20-cv-170-JL, doc. no. 1.

[15] *Id.*, doc. no. 10.

[16] *Id.* The court set forth Brown's habeas claims in the procedural order. Doc. no. 13.

[17] *Id.*, doc. no. 45, at 11.

[18] *Id.,* doc. nos. 17, 18, & 19.

[19] *Id.*, doc. no. 19, at 94; end. or. Feb. 16, 2021.

failure to consult an accounting expert, which the court denied.[20] Brown filed a notice of appeal, and the court continued her release pending appeal in lieu of executing her prison sentence. The Court of Appeals denied her request for a certificate of appealability and then dismissed the appeal when Brown failed to respond to that court's show cause order.[21] Only after her unsuccessful appeal and unsuccessful § 2255 habeas challenge did the court order that she serve her sentence.

Counsel withdrew from representation, and Brown moved to proceed by representing herself.[22] On her own behalf, Brown filed a motion for the undersigned judge to recuse retroactively in the § 2255 case, seeking an order that the judgment and all orders would be vacated and she would have a new evidentiary hearing before a different judge on her petition.[23] In support, Brown argued that the following circumstances demonstrated actual bias or the appearance of bias: purported communications with the Federal Public Defender's Office, "behavior that was harassing, abusive, prejudiced, or biased toward [Brown's] counsel," failure to discipline prosecutorial misconduct and "failure to hold or discipline government prosecutors to an acceptable standard of candor to the tribunal," purported "suppression of [her] testimony at the September 25, 2021, hearing," "refusal to accept [her] unrebutted testimony regarding lack of pre-trial consultation with expert and claims of ineffective assistance of counsel," and "rescinding [her] bail and setting surrender date in retaliation for [her] opposition to the government's motion to incarcerate [her] while [her] appeal is still pending."[24] The court addressed each issue Brown raised, including her allegations that her counsel thought the

---

[20] Doc. nos. 15 & 20.
[21] Doc. nos. 28 & 42.
[22] *Brown*, 16-cr-21, doc. nos. 126 & 127.
[23] *Brown*, 20-cv-170, doc. no. 37.
[24] *Id.*, doc. no. 37, at 5.

undersigned judge was prejudiced against Brown, preferred male counsel, improperly used off-the-record conferences, and identified with prosectors because of a prior position as an Assistant United States Attorney.[25]  The court denied the motion for recusal, particularly addressing the issues pertaining to Brown's counsel in the § 2255 proceeding.[26] As a result, the § 2255 petition was denied, and that case remained closed.

### C. Petition for immediate release proceedings

After serving her term of imprisonment and while Brown was serving her term of supervised release under supervision in the District of Maine in August 2022, she filed a petition for immediate release under § 2241, arguing that First Step Act credits reduced the time of supervised release.[27] Brown then filed three motions for immediate release. The court appointed counsel to represent Brown in that proceeding. The Magistrate Judge issued a report and recommendation that the district judge deny the motions for immediate release and deny the petition.[28] The district judge adopted the report and recommendation.[29] Counsel filed an appeal on Brown's behalf, but counsel then moved to withdraw, and the court appointed new counsel to represent Brown on appeal.[30] The Court of Appeals affirmed the decision denying Brown's § 2241 petition challenging the calculation of First Step Act credits for supervised release. *Brown v. Penders*, 101 F.4th 944, 9946 (1st Cir. 2024).

---

[25] *Id.*, doc. no. 37.
[26] *Id.,* doc. no. 45, at 15-17.
[27] *Brown v. Rieger*, 22-cv-259 (D. Me. filed Aug. 24, 2022), doc. no. 1.
[28] *Id.*, doc. no. 13.
[29] *Brown v. Rieger*, No. 22-cv-259, 2022 WL 17184294 (D. Me. Nov. 23, 2022).
[30] *Brown v. Pender*, No. 22-1945, order (1st Cir. Mar. 27, 2023).

**D. <u>Early termination proceedings</u>**

On May 10, 2024, Brown, representing herself, moved for early termination of her two-year term of supervised release in this court under 18 U.S.C. § 3583(e)(1).[31] The court held a hearing by video conference on July 22, 2024. At the beginning of the hearing, the court asked Brown about any concerns she might have about the undersigned judge deciding her early termination motion, given her motion for recusal in the § 2255 proceeding. Partly because of the recusal issue, the court appointed counsel to represent Brown for purposes of her early termination motion.[32] Counsel, however, withdrew from representation due to a conflict of interest, and the court appointed new counsel to represent Brown.[33] Counsel did not move for recusal. The court held a hearing and orally granted the motion for early termination.[34]

**E. <u>Coram nobis proceedings</u>**

In January 2024, Brown applied to the USDA's Discrimination Financial Assistance Program ("DFAP"), asserting discrimination against her by the USDA in managing a "microloan" from the USDA's Farm Service Agency.[35] Brown received notice in early August 2024 that DFAP approved an award to her of $41,960.00. Brown then filed her petition for a writ of error coram nobis in this case, raising claims based on the DFAP award and the Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 385–86 (2024), and claims asserting prosecutorial misconduct and ineffective assistance of counsel.[36] When the court denied her motion for appointment of counsel to represent her for purposes of the coram nobis

---

[31] *Brown*, 16-cr-21, doc. no. 142.

[32] *Id.*, end. or. July 25, 2024.

[33] *Id.*, doc. no. 148; end. ors. Oct. 11, 2024.

[34] *Id.*, oral order, Nov. 22, 2024.

[35] The microloan was different and separate from the USDA Rural Business Enterprise grant that was the subject of the criminal charges against Brown.

[36] *Brown*, 16-cr-21, doc. nos. 150 & 151.

proceeding, Brown appealed. On August 8, 2025, the Court of Appeals granted the government's motion to dismiss Brown's appeal.[37]

Brown moved to supplement her petition with additional argument and exhibits and an additional claim that her convictions should be overturned to facilitate Brown's new business venture, and the motions to supplement were granted.[38] As supplemented, Brown claims that (1) new evidence (the DFAP award), (2) a change in the law (*Loper Bright*), (3) prosecutorial misconduct ( the government allegedly tampered with evidence at trial by removing Senator Shaheen's letter from an exhibit that included Brown's letter to the USDA), and (4) ineffective assistance of counsel (because her counsel failed to introduce USDA regulations on grant rules, failed to consult an accounting expert, and would not present her theories of retaliatory and discriminatory prosecution) demonstrate her actual innocence. In her final motion to supplement, she argues that her convictions should be overturned to reinstate her security clearance for purposes of a new business venture.[39] The court scheduled oral argument on Brown's coram nobis petition for December 9, 2025.

Anticipating oral argument, Brown moved for reconsideration of the denial of her motion for appointment of counsel, seeking counsel to handle evidentiary matters and to represent her for oral argument, which the court denied.[40] Brown moved for approval of funds to hire an accountant expert and for authentication of certain evidence.[41] The court denied the motion for funds to hire an expert and had not yet decided the authentication issue when Brown moved to

---

[37] *Id.,* doc. no. 173.
[38] *Id.*, doc. nos. 175, 176, & 179; *see also* doc. no. 174 (summarizing claims).
[39] *Id.*, doc. no. 170.
[40] *Id.*, doc. no. 185.
[41] *Id.*, doc. nos. 186 & 187.

continue oral argument.[42] In support, Brown asserted that the court's orders created "a procedural impossibility" because she was "prohibited from presenting evidence" at the oral argument.[43]

The court took under advisement Brown's motion to continue, explaining that she misunderstood the purpose of oral argument and that scheduling oral argument did not, contrary to her interpretation, mean that the court had recognized merit or complexity in the issues she raised in her petition.[44] The court noted that the United States Attorney's Office was likely to not to object to consideration of the letter that Brown sought to authenticate, and directed the government to respond to that issue. The government responded, and the court denied Brown's motion for authentication as moot, and reset oral argument as originally scheduled for December 9, 2025.[45]

Brown filed an emergency petition in the First Circuit Court of Appeals for a writ of mandamus, asking that court to grant her coram nobis petition, to reassign the case to another judge, or to direct the undersigned judge to appoint counsel for her, to authorize funds for an expert, and to require authentication of correspondence that was evidence at her criminal trial.[46] Three days later, the Court of Appeals entered judgment denying the petition for a writ of mandamus because "Petitioner offers no compelling argument for grant of the writ of coram nobis by this court or for reassignment of the district court."[47] The Court of Appeals also stated that it had "no basis on this record, prior to a final order, to intrude on the district court's

---

[42] *Id.*, doc. no. 189.
[43] *Id.*
[44] *Id.*, end. or. Nov. 24, 2025.
[45] *Id.*, doc. no. 193.
[46] *Id.*, doc. no. 195.
[47] *Id.*, doc. no. 197.

discretion to manage its schedule or resolve appointment or discovery matters."[48] The Court further noted that Brown "specifically requested oral argument before this district court judge on this relief," and reminded her that she had no right to counsel for purposes of oral argument.[49]

This court held oral argument on Brown's coram nobis petition on December 9, 2025, as scheduled. Brown appeared on her own behalf, and an Assistant United States Attorney appeared for the government. At the beginning of the argument, the government noted that Brown raised recusal issues in the petition for a writ of mandamus and asked whether she was pursuing a recusal argument for purposes of the coram nobis proceeding.[50] In response, Brown stated that she still seeks the court's recusal for purposes of the coram nobis proceeding.[51] She further stated that she believed that the ruling on her § 2255 petition was the result of friction between this court and her counsel and relied on the same allegations she included in her motion for recusal and affidavit in the § 2255 proceeding. She then added that she believed the rulings pertaining to her coram nobis proceeding also required recusal. The court gave the government 14 days to respond.

Brown filed a motion to amend her oral motion for recusal with an attached affidavit. The government filed an objection. Brown filed a reply.

## IV. Analysis

In her amended motion for recusal, Brown refers back to her motion for the court's recusal filed in the § 2255 proceeding and argues, under *In re Bulger*, 710 F.3d 42 (1st Cir. 2013), that because she previously raised concerns about the undersigned judge's impartiality,

---

[48] *Id.*
[49] *Id.*
[50] *Id.*, doc. no. 199, at 4.
[51] *Id.,* at 5.

"reassignment becomes appropriate, particularly when the judge's own prior rulings are central to the case."[52]  Brown also argues that certain statements and actions taken in the coram nobis proceeding were wrong and demonstrate bias against her. Brown also argues the merits of her coram nobis petition, which is inapposite to the recusal issue and not considered here.

### A. **Prior recusal motion, concerns, and decisions**

At oral argument on December 9, Brown reiterated her concerns about the court's interaction with her former appointed counsel during the evidentiary hearing on her § 2255 petition. As stated in the background section, Brown, representing herself, moved for recusal during the § 2255 proceeding based in part on perceived friction between the court and her appointed counsel and the court's perceived bias against her, as allegedly related to Brown by her counsel. The court addressed the issues Brown raised in detail in the order denying the recusal motion.[53]

Addressing Brown's allegations about "the court's conduct toward her former counsel," the court summarized the § 2255 proceedings and the efforts taken to give counsel every opportunity to litigate the petition.[54] The court then recounted the circumstances of the interaction with Brown's counsel:

> When, prior to the second day of the evidentiary hearing, the court questioned the petitioner's counsel about her desire to have the petitioner testify (when she had previously told the deputy clerk that her only witness would be the expert), counsel accused the court of "attacking" her. Counsel became upset and the court suspended the start of the hearing. It then gave counsel the opportunity to postpone the hearing entirely. Counsel regained her composure and told the court that she (and the petitioner) wished to go forward with the hearing that day. The court's exchange with counsel was contentious, but in no way did it become harassing, abusive, coercive or intimidating, and the petitioner does not explain otherwise.[55]

---

[52] *Id.*, doc. no. 198, at 5.
[53] *Brown*, 20-cv-170, doc. no. 45, at 10-17.
[54] *Id.*, at 11.
[55] *Id.*

The court reminded Brown that "at the start of the February 2021 oral argument, the court informed [Brown] of the details of its exchange with her counsel, explained that it had spoken with counsel after the exchange to be sure that counsel was comfortable proceeding before the court, and explained that counsel told the court that here was no problem going forward."[56] After that explanation, Brown stated: "'I have no reservations [about proceeding before this court], and I appreciate that you've been transparent about the whole thing, your Honor.'"[57] In support of her later recusal motion, however, Brown represented to the court "that she misled the court with her answer and untruthfully told the court that she appreciated its transparency" and also added that "the court 'chastised her lawyer during oral argument by asking her more questions than it asked the prosecution."[58]

The court concluded as follows:

> The court's alleged unfavorable treatment of petitioner's counsel during this proceeding was based strictly on facts or events occurring in the underlying proceeding, not extrajudicial sources. More importantly, the court's treatment of counsel does not reveal a deep-seated favoritism for the government or antagonism toward the petitioner. It instead reflects critical, but respectful, lines of questioning of both the petitioner and her counsel in a highly contested § 2255 litigation in which she held the burden of proof. Such routine judicial inquiry into, and even disagreement with, one party's position in a case does not reflect – in the eyes of an objective observer – a personal bias against that party or provide a valid basis for recusal or disqualification.[59]

In addition, before Brown filed the recusal motion,  counsel represented to the court that she was withdrawing from representing Brown because Brown wanted to represent herself, not because of any conduct by the court toward counsel.[60] Brown also raised other issues in her recusal

---

[56] *Id.*
[57] *Id.*
[58] *Id.*
[59] *Id.*, at 12.
[60] *Id.*, at 16.

motion in the § 2255 proceeding, some of which she raises again here, including preferential treatment of the prosecutors. The court found no merit in those allegations.[61]

While Brown may disagree with that decision, her remedy was to appeal.[62] She cannot relitigate that decision in this case. *See, e.g., Thomas v. Bank of Am., N.A.*, No. 21-cv-03369-WMR, 2022 WL 1572392, at *7 (N.D. Ga. May 11, 2022), aff'd, No. 22-11661, 2023 WL 21386 (11th Cir. Jan. 3, 2023); *United States v. Hinkson*, No. 04-cr-00127-RCT, 2021 WL 4317620, at *6 (D. Idaho Sept. 22, 2021). In addition, Brown is not represented by counsel in the coram nobis proceeding so the issue, even if there were ever any perceived issue with her former appointed counsel, is not a factor in this proceeding.

The court previously raised the recusal issue in this case in the context of Brown's motion for early termination of supervised relief and appointed counsel to represent her in that proceeding, in part to address the recusal issue. Brown, with the advice of counsel, did not pursue recusal. Brown mistakenly states now that the undersigned judge refused to recuse when asked to do so.[63] The record shows that Brown did not move for recusal, and the court did not refuse to recuse.

Brown did not raise the recusal issue in her petition for a writ of error coram nobis, filed over a year ago, or in any motion in the coram nobis proceeding. Instead, Brown raised her complaints about the undersigned judge in a petition for a writ of mandamus to the Court of Appeals just before oral argument on her coram nobis petition.[64] In the petition for a writ of

---

[61] *Id.*, at 14-17.

[62] Brown filed an appeal from the denial of her § 2255 petition before she moved for the undersigned judge's recusal. The appeal was dismissed. *Brown*, 20-cv-170, doc. no. 42.

[63] *Brown*, 16-cr-21, doc. no. 198, at 4.

[64] *Id.*, doc. no. 194-1. The government understandably contends that Brown's recusal motion is untimely. The court addresses the recusal issues she raises, however, despite the procedural posture of the motion, to clarify that bias has not influenced any of the court's decisions.

mandamus, Brown asked the Court of Appeals to "remand to the Chief Judge of the District of

New Hampshire for reassignment of the pending coram nobis petition to a new judicial

officer."[65] In support, Brown provided the following reasons for reassignment:

> (a) the district court's express statement that its offer of oral argument was "not as
> any sort of recognition of the complexity or potential merit" of Petitioner's claims;
> (b) the fact that those claims involve alleged Brady violations by a prosecutor who
> is now a judge of this Court, government-admitted discrimination by the victim
> agency, and unrebutted expert evidence of actual innocence. Dkt. 188 [Brown's
> "Notice of Objection to Denial of Counsel and Preservation of Rights for Appeal];
> and (c) previous allegations of bias and motions/requests for judicial recusal during
> habeas corpus proceedings (20-cv-00170 Dkt. 37, 38) [motion for recusal in § 2255
> proceeding] and probation (Dkt. 147) [transcript of hearing on motion for early
> termination of supervised release].[66]

Brown argued that the court had prejudged her coram nobis claims and should have

granted her requests for appointed counsel and funds to hire an expert witness. She further

argued that the court did not properly consider her authentication concerns for the letter she

hoped to address during oral argument (which she mistakenly characterized as "Brady issues"),

that reassignment was supported because of her concern that the Assistant United States

Attorney who prosecuted her criminal case was now a judge on the First Circuit Court of

Appeals, that the court did not recuse in the proceeding on her motion for early termination of

supervised release, and that the court directed that United States Probation Office and United

States Marshal Service receive copies of the order denying her motion for authentication as moot

and reinstating the scheduled oral argument. In response, the Court of Appeals denied Brown's

petition, holding that Brown did not show she was entitled to a writ of mandamus, that she did

not offer a compelling argument for reassignment of the coram nobis proceeding, and that there

was no basis on the record "to intrude on the district court's discretion to manage its schedule or

---

[65] *Id.,* at 1.
[66] *Id.*, at 1-2.

resolve appointment or discovery matters."[67] As such, the Court of Appeals rejected Brown's reasons for reassigning the coram nobis proceeding to another judge.

The court will not reconsider the issues Brown raises to support recusal that were previously presented to and decided by this court in the § 2255 proceeding and/or by the Court of Appeals in denying the petition for a writ of mandamus.

### B. In re Bulger

Brown argues that, under *In re Bulger,* 710 F.3d 42 (1st Cir. 2013), the court must recuse in this case because she is asserting bias based on the court's decisions and rulings, which will require the court to examine its own actions in this case for purposes of recusal. To clarify, Brown contends that the court's decisions and rulings in the coram nobis proceeding demonstrate bias against her. To the extent she also argues that recusal is required because, for purposes of coram nobis relief, she is challenging the court's decisions and rulings during the criminal case or at trial, that argument misstates her claims.[68]

In *Bulger*, the court granted the defendant's petition for a writ of mandamus to reassign his case because the presiding judge had served in a supervisory position in the United States Attorney's Office in Massachusetts during the time the defendant claimed that office offered him immunity. *Bulger*, 710 F.3d at 48. The court found that the record included "enough to justify a

---

[67] 16-cr-21, doc. no. 197.

[68] As stated in the background section, Brown's claims in support of her petition for a writ of error coram nobis are:  (1) new evidence (the DFAP award), (2)  a change in the law (*Loper Bright*),  (3) prosecutorial misconduct (the government allegedly tampered with evidence at trial by removing Senator Shaheen's letter from an exhibit that included Brown's letter to the USDA), and (4) ineffective assistance of counsel (her counsel failed to introduce USDA regulations on grant rules, failed to consult an accounting expert, and would not present her theories of retaliatory and discriminatory prosecution). In her final motion to supplement, she argues that coram nobis relief is necessary to reinstate her security clearance for purposes of a new business venture. Contrary to her representations in her motion for recusal, she brings no claim that the court's findings, decisions, or rulings in the criminal case are grounds for coram nobis relief.

reasonable belief that the defense's claim probably portends an enquiry into just those dealings." *Id.* More specifically, "[g]iven the institutional ties described here, the reasonable person might well question whether a judge who bore supervisory responsibility for prosecutorial activities during some of the time at issue could suppress his inevitable feelings and remain impartial when asked to determine how far to delve into the relationship between defendant and Government, and to preside over whatever enquiry may ultimately be conducted." *Id.*, at 48-49.

As such, the activities at issue in *Bulger* were extrajudicial, the judge's relationships that existed prior to and outside of the judicial proceedings. *See Medoff,* 159 F.4th at 123. Brown, however, argues here that the court is biased against her because the court denied her motion for appointment of counsel, denied her motion for authentication of evidence (it did not, *see supra* at 11), denied her motion for authorization of funds for an expert witness, and denied her motion for reconsideration of the decision not to appoint counsel. "[A]s the Supreme Court explained in *Liteky*, 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion,' and instead '[a]lmost invariably, [such rulings] are proper grounds for appeal, not for recusal.'" *Medoff*, 159 F.4th at 123 (quoting *Liteky*, 510 U.S. at 555). Nothing resembling the circumstances in *Bulger* is presented here.

### C. <u>Additional grounds</u>

Brown argues that the court has demonstrated bias against her during the coram nobis proceeding, has prejudged her claims, is burdened by a structural conflict, and should follow the coram nobis holding in a recent order by Senior Judge McAuliffe.

1. Bias

Brown argues the court's decision not to appoint counsel for purposes of her coram nobis

petition was due to bias against her.[69] In support, she asserts that the court stated during oral

argument on December 9 that the court "cannot appoint CJA counsel in a coram nobis

proceeding and offered the following reasoning: 'You already had counsel in your habeas corpus

proceeding. I appointed counsel to you then.'"[70] Contrary to Brown's summary of the discussion,

Brown argued that she needed counsel to present evidence at oral argument in support of her

recusal motion. In response, the court stated that it would give Brown an opportunity to present

evidence on the recusal issue if she wanted to do that. By way of further explanation, the court

stated:

> But I can't grant you counsel for this case. This is not the type of case where you
> have a right to counsel. Even in your 2255 petition you didn't have a right to
> counsel, but I thought, look, we were coming fresh off the criminal trial, you were
> what I thought close enough to that proceeding where it would be best to give you
> some advice to narrow your claims to the ones that have the best likelihood of
> success, somebody who would examine that expert effectively, which happened.[71]

The Court of Appeals also stated that Brown had no right to counsel in the coram nobis

proceeding. Brown has litigated the issue of counsel through a motion in this proceeding, in a

---

[69] The court notes that it is perhaps understandable that Brown would believe, mistakenly, that appointed counsel is the norm rather than an exception in civil matters. She had appointed counsel for the § 2255 proceeding in this court, the § 2241 proceeding in the District of Maine, on appeal of the § 2241 decision in the Court of Appeals, and in the proceeding on her motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1) in this court. Further, in several instances when appointed counsel withdrew, the court appointed replacement counsel, possibly making appear to Brown that she was entitled to counsel. As the court has stated repeatedly and the Court of Appeals held, Brown is not entitled to appointed counsel in the coram nobis proceeding.
[70] *Id.* at 5.
[71] *Id.,* doc. no. 199, at 16.

motion for reconsideration, and in her petition for a writ of mandamus to the Court of Appeals, which was also denied.[72] That issue is decided.

As the court explained in the order denying Brown's motion for appointed counsel, Brown did not at that time demonstrate indigency for purposes of requesting counsel under 28 U.S.C. § 1915(e)(1).[73] Further, the court cannot exercise discretion under § 1915(e)(1) absent "exceptional circumstances so that 'denial of counsel will result in a fundamental unfairness impinging on [the indigent party's] due process rights.'"[74] "'To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent [her]self.'"[75] Based on that standard, the court determined that it was not necessary to recruit counsel to represent Brown in the coram nobis proceeding. Brown later demonstrated indigency for purposes of appealing that decision, but the court, on her motion for reconsideration, concluded that it was not necessary to appoint counsel to represent her for purposes of oral argument.[76] Brown's refusal to accept the court's decisions, along with the reasoning and legal bases for the decisions, does not provide grounds for recusal.

2. Prejudgment and "preemptive minimization"

Brown contends that the court has prejudged her claims and that the court's decisions show "a pattern of preemptive minimization" of her claims.[77] She further argues that the court's failure to appoint counsel demonstrates prejudgment of her claims. She is incorrect. Although the

---

[72] Brown's appeal of the appointment of counsel issue was dismissed for lack of jurisdiction because the appointment decision was an interlocutory order.

[73] *Brown*, 16-cr-21, doc. no. 159, at 2.

[74] *Id.* (quoting *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991)).

[75] *Id.* at 3.

[76] *Id.*, doc. no. 195.

[77] *Id.*, doc. no. 198, at 5-9.

discretionary standard for appointing counsel under § 1915(e)(1) includes consideration of the merit of the claims, that consideration is but one factor in the standard and does not result in prejudgment of the claims, which have yet to be resolved in this case.

Brown also points to the court's endorsed order denying her emergency motion to stay oral argument as proof of prejudgment. In her emergency motion, Brown argued that by scheduling oral argument on her coram nobis petition the court signaled "recognition of the complexity and potential merit of the claims," but then by denying her motions for appointed counsel and for expert funds, the court created "an impossible situation" that required continuation of oral argument.[78] The court took her motion under advisement but noted that Brown misunderstood the purpose of oral argument, which was offered to ensure that she, as a self-represented litigant, had every opportunity to be heard, but was not "any sort of recognition of the complexity or potential merit of her claims."[79] Brown contends that the endorsed order means that the court has decided her claims lack merit. Once again, she misunderstands. The endorsed order merely corrected Brown's mistaken understanding of the purpose for oral argument.

She also argues that the court did not allow her to argue the merits of her prosecutorial misconduct claim for purposes of the authentication issue.  Once again, she misunderstands the purpose of the inquiry. To the contrary, the court affirmatively facilitated the authentication and admission of the letter. The authentication inquiry was merely to determine whether the government would require Brown to authenticate the Shaheen letter before relying on that evidence for purposes of oral argument. The court asked whether the government would object,

---

[78] *Id.*, doc. no. 189.
[79] *Id.*, end. or. Nov. 24, 2025.

and the AUSA represented that the government would not object to the authenticity of the Shaheen letter, although the government reserved the right to challenge Brown's substantive arguments based on that and related documents. The discussion of authenticity did not improperly exclude Brown's arguments on the merits of her prosecutorial misconduct claim. As previously stated, the court has not heard oral argument on the merits of the claims and has not decided the claims.

### 3. Structural conflict

Brown asserts that her coram nobis petition "directly challenges Judge Laplante's own prior handling of Brady and innocence issues and implicates a prosecutor who is now a judge on the United States Court of Appeals for the First Circuit."[80] As is discussed above, that is incorrect. Brown raises no claim that challenges the court's "handling of Brady and innocence issues" during the criminal case against Brown. Further, while Judge Aframe was the prosecutor in the criminal case against Brown, he is an appellate judge and is no longer involved in this case in any manner. Brown raises no ground for recusal based on the court's decisions in the criminal case or Judge Aframe's prior role as prosecutor.

And of course, the argument makes no sense. While Brown believes this court would be unlikely to negatively evaluate Judge Aframe's conduct because he now sits on an appellate court that reviews the work of this court,[81] the same would be true for any judge sitting on this court or in this circuit.

---

[80] *Id.*, doc. no. 198, at 9.
[81] *Id.*, doc. no. 201, at 6-7.

4.  United States v. Morillo

Brown discusses a case before a different judge in this district, *United States v. Morillo*, No. 15-cr-174, 2025 WL 2930871 (D.N.H Oct. 15, 2025), apparently arguing that she would be entitled to coram nobis relief except that the undersigned judge is biased against her. She states, "Morillo thus illustrates how this District applies the 'extraordinary' [coram nobis] standard when it approaches a coram nobis petition with an open mind and faithfully follows First Circuit and Supreme Court guidance on ineffective assistance and fundamental error."[82] The court reminds Brown once again that her coram nobis petition remains pending, and the court has not yet addressed its merits, which are not at issue for purposes of the recusal motion.

## Conclusion

For these reasons, the court grants Brown's motion to amend her motion for recusal but denies the motion to recuse (oral motion Dec. 9, 2025 and amended motion doc. no. 198).

SO ORDERED.

_____
Joseph N. Laplante
United States District Judge

Dated: January 23, 2026

cc:  Suzanne Brown, pro se.
     Counsel of record.

---

[82] *Id.*, doc. no. 198, at 11.